Clyde Denton v. The State.

No. 3371.     Decided January 13, 1915.

1.—Assault—Carrying Pistol—Indictment.

Where the indictment charged that defendant did unlawfully and wilfully commit an assault and an assault and battery upon one C with a pistol, the said pistol being then and there carried unlawfully by the said defendant against the peace and dignity of the State, the same charged no offense against the laws of this State. Prendergast, Presiding Judge, dissenting.

2.—Same—Objections to Charge of Court.

Where the exceptions did not show that they were taken before the charge was read to the jury, the same can not be considered on appeal.

3.—Same—Indictment—Pleading.

Where the indictment for an assault under the Act of the Thirty-third Legislature did not define in terms or in any other way what it takes to constitute carrying a pistol unlawfully, the same was fatally defective. Prendergast, Presiding Judge, dissenting.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of an assault with a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—The indictment in the first count charges appellant with assault to murder; the second, omitting formal parts, is thus copied: "did unlawfully and wilfully commit an assault and an assault and battery upon one W. W. Cook with a pistol, the said pistol being then and there carried unlawfully by the said Clyde Denton, contrary," etc. The case was tried under the second count, and appellant was convicted under that count. The statement of facts does not accompany the record.

A bill of exceptions was reserved to the charge of the court for various and sundry reasons; however, this bill of exceptions was not approved by the judge. The exceptions do not show they were taken before the charge was read to the jury. This ought to have been shown in some way. However, in the absence of a statement of facts the exceptions to the charge can not be intelligently revised.

It is contended that the indictment is insufficient and fails to charge

any offense against the laws of the State, and does not define in terms or any other way what it takes to constitute carrying a pistol unlawfully. There are various other exceptions to the indictment. The Act under which appellant was indicted is found on page 237 of the Acts of the Thirty-third Legislature, and reads as follows: "If any person shall wilfully commit an assault or an assault and battery upon another with a pistol, dirk, dagger, slung shot, sword cane, spear or knuckles made of any metal or made of any hard substance, bowie knife, or any knife manufactured or sold for the purpose of offense or defense, while the same is being carried unlawfully by the person committing said assault, he shall be deemed guilty of an assault with a prohibited weapon and upon conviction shall be punished," etc. It will be noticed ·that the indictment charges appellant with having unlawfully committed an assault and battery upon Cook with a pistol, the same being then and there unlawfully carried. The term "unlawfully" is not defined in this particular statute. It is not an offense against the law "to unlawfully" carry a pistol. In order to make it a violation of the law it must be carried in some prohibited way. To say that a person unlawfully carried a pistol charges no offense. If appellant had been charged with a violation of the statute forbidding the carrying a pistol, and it was simply charged that he unlawfully carried a pistol, it would not have charged a violation of the law. That statute provides he must carry it on or about his person or in saddle bags, etc., in order to constitute a violation of that statute, or that he unlawfully carried it, the manner and means of carrying it being specified. If it be permissible to go from the statute under which appellant was indicted to the statute prohibiting the carrying of a pistol for a definition, then the indictment is defective in not stating some one of the prohibited ways. As before stated, this indictment does not charge that appellant carried the pistol in any unlawful or prohibited manner. The statute itself does not define what it takes to constitute unlawful carrying. By going to the statute prohibiting the carrying of a pistol on or about the person, etc., we do find a definition, but this indictment does not conform to that statute. So from any viewpoint this indictment is totally insufficient. therefore the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

PRENDERGAST, Presiding Judge.—The indictment follows the language of the statute, and in my opinion is clearly sufficient. I think the judgment should be affirmed. Act of 1913, p. 237, C. C. P., arts. 460 453 and sec. 344 Wh. Ann. C. C. P., and cases cited.