ROY GODBY v. THE STATE.

No. 5969.   Decided November 24, 1920.

1.—Theft Over the Value of Fifty Dollars—Continuance—Want of Diligence.

Where, the application for continuance showed a want of diligence, the same is properly overruled.

2.—Same—Rule Stated—Diligence Required.

Under our practice the application for continuance must disclose the use of diligence, and when the facts entitle the accused to an attachment, he will not be held to have used sufficient diligence unless he procures the issuance of same.

**3.—Same—Continuance—Practice on Appeal.**

Where, the alleged absent testimony, in the application for continuance, was partly immaterial, and other testimony was probably not true, the application was correctly overruled.

**4.—Same—Evidence—Circumstantial Evidence—Res Gestae.**

Upon trial of theft over the value of fifty dollars, there was no error in permitting in evidence certain stencils by means of which the numbers of cars could be changed, it being shown that they were in the car of prosecuting witness when the same was found in the possession of the defendant. This was *res gestae.*

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of theft over the value of fifty dollars; penalty, five years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was charged by indictment in the District Court of Parker County, with the offense of theft of property of over the value of fifty dollars, and his punishment fixed at five years confinement in the penitentiary.

Appellant asked for a continuance of the case, and presents here the refusal of his request by the trial court, as error. The record discloses that appellant was indicted, and his case set down for trial at the October, 1919, Term of said Court, and that on or about the 15th of said month, appellant applied for subpoenas for certain witnesses, among whom were Susie Houser and Emmett Godby, whose residence was alleged to be in Wise County, Texas, and from the process appearing in the record in the case said witnesses were served with said subpoenas, requiring them to be present on the 22d day of October, 1919. It also appears that at that time the case was continued upon the application of the State, and the instant trial was had in May, 1920. The application does not disclose sufficient diligence. It nowhere appears therefrom whether said witnesses appeared, or were in attendance at the court during the October, 1919, term of said Court, and does not negative appellant's right or duty to have then applied for attachments for said witnesses. Under our practice, the application for continuance must disclose the use of diligence, and when the facts entitle the accused to an attachment, he will not be held to have used sufficient diligence unless he procures the issuance of same. Said witnesses were summoned to appear at the October Term of said Court; if they did then appear, an attachment would not be proper at the April Term subsequent; but if they did not so appear, then appellant would have been entitled to his attachment.

The facts relative to this matter should appear in the application for continuance, but they do not.

It also appears from said application, that appellant expected to prove by said witnesses that they were present in Fort Worth on the 27th of a certain November, and heard one Dixon enter into an agreement with appellant to carry for him a Ford car to Wichita Falls. It is not stated in the application that the testimony of said witness would in any manner identify the Ford car of Dixon with that of the prosecuting witness Morris, or in any other way so connect the car of Dixon with that of Morris, as to make said testimony material. It further appears from the record in the case that the car of the prosecuting witness Morris was taken from Dallas on the night of the 24th of said November, same being Friday night, and that on the following night, at about two o'clock a. m., appellant was found in said car in Parker County, a distance of fifty or sixty miles from Dallas. The 27th of said month woud have been the Monday following the arrest of appellant on Saturday night, said fact being shown by the introduction in evidence of a calendar, and it would, therefore, appear to us unlikely that said witnesses would have testified as indicated in the application, or that their testimony would have materially affected the verdict.

Appellant has a bill of exceptions, complaining of the court's action in permitting in evidence certain stencils, by means of which the numbers of cars could be changed. It was shown that said stencils were in the car of the prosecuting witness when same was found in the possession of appellant. We see no error in admitting the evidence. It was a part of the *res gestae* of the transaction, and if same were in the car when taken from the owner, it would be a part of the evidence necessary to develop the case. If said stencils were not in the car when taken, but were placed there by the appellant, or were in the car when same was found in the possession of appellant, we think proof of that fact would be material as bearing upon the *res gestae* of the transaction, and as showing the intent of the accused.

These are the only two matters that are presented by the record, concerning which error is urged.

Having found nothing requiring a reversal of this case, its affirmance is ordered.

*Affirmed.*