## ALF CARTER v. THE STATE.

### No. 6568. Decided November 9, 1921.

**1.—Procuring—Soliciting—Information—Words and Phrases.**

The omission of the word "meeting" in the information does not vitiate the same, in trial for procuring female for immoral purposes; and the allegation that the place of meeting was an automobile situated in the county of the prosecution is a sufficient designation of the place of such meeting for sexual intercourse, and the motion to quash the information was correctly overruled. Following Sanders v. State, 60 Texas Crim. Rep., 344; distinguishing Denton v. State, 76 Texas Crim. Rep., 58.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

A bill of exceptions which consists of the entire stenographic question and answer report of the trial is not sufficient to call for any discussion on appeal. Following Cabral v. State, 57 Texas Crim. Rep., 304, and other cases.

**3.—Same—Continuance—Want of Diligence—Name of Witness.**

Where defendant's application left the question uncertain as to what witness was wanted in obedience to a subpoena which was issued for the absent witness, there was no error in overruling the same.

**4.—Same—Postponement of Trial—Practice in Trial Court.**

Where defendant was arrested on Tuesday, and tried on the following Monday, in a misdemeanor case, there was no merit in the contention that defendant was forced to trial too soon after his arrest.

**5.—Same—Names of Witnesses on Information—Practice in Trial Court.**

In the absence of any injury shown to the defendant, and the record showing that he was given ample time and opportunity to consult the witnesses against him, there was no error in overruling his motion that the names of certain witnesses did not appear on the information.

**6.—Same—Evidence—Latter—Practice in Trial Court.**

Where, upon trial of procuring, objection was made to a certain letter offered in evidence, which was sustained, but it was then agreed that the same be introduced in evidence, there was no reversible error.

**7.—Same—Bill of Exceptions—Evidence.**

Where the bill of exceptions did not show as to what testimony given by two witnesses defendant objected to, the same could not be considered on appeal.

**8.—Same—Requested Charge—Charge of Court.**

Where the objections to the charge of the court were without merit, there was no reversible error in overruling them.

**9.—Same—Accomplice—Procuring—Soliciting Female—Requested Charge.**

A female procured, etc., is not an accomplice, and in the absence of a requested charge, that the female originated the matter, there was no reversible error. Following Denman v. State, 77 Texas Crim. Rep., 256.

**10.—Same—Requested Charge—Unlawful Intercourse.**

Upon trial of procuring, there was no reversible error in the refusal of a requested charge wherein the defendant sought to have the jury instructed that one act of carnal intercourse between a man and woman was not unlawful intercourse.

**11.—Same—Sufficiency of the Evidence.**

Where, upon trial of procuring and soliciting, etc., the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of procuring; penalty, a fine of $200 and six months imprisonment in the county jail.

The opinion states the case.

*McCutcheon & Church,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas county of the offense of procuring, and his punishment fixed at six months in the county jail and a fine of $200.

A motion to quash the information for various reasons, was overruled. It was charged that appellant in Dallas county on May 31, 1921, did unlawfully invite, solicit, procure and allure one Stella Betts, then and there a female, to visit and be at a particular place, to-wit: an automobile, in the county and state aforesaid, for the purpose of having unlawful sexual intercourse with a male person and to then and there take part and participate in immoral conduct with men and women, etc. Appellant's objections were,—that it charged no offense,—that it was not charged that the female was invited, etc., to said automobile for the purpose "of meeting" and having intercourse, etc.,—that it was not stated that the woman was procured to visit said place for the purpose "of meeting" and having such intercourse, etc.,—that the name of the person she was to have such intercourse with, was not alleged, nor was it stated that he was unknown,—it was not stated what the unlawful sexual intercourse was, nor what the immoral conduct was,—it stated no means or manner of solicitation,—that an automobile is not a place within the contemplation of the law.

A complaint substantially similar to that in the instant case was held sufficient in Sanders v. State, 60 Texas Crim. Rep. 34, 129 S. W.

Rep. 605, to which reference will be made. We think the omission of the word "meeting" from the State's pleading does not vitiate the same. It appears to us impossible that the woman procured, could have the sexual intercourse intended as the result of such solicitation, without meeting said man.

It is held in the Sanders case, *supra,* that a particular house or room need not be designated in the pleading. In Tracy v. State, 42 Texas Crim. Rep. 494, 61 S. W. Rep. 127, we held that a hack or wagon might become a disorderly house, and we think an automobile in a named town, is sufficient designation of the place of such meeting or intercourse. The motion to quash was properly overruled. We find nothing to the contrary in Denton v. State, 76 Texas Crim. Rep., 58, 172 S. W. Rep., 796, cited by appellant.

Appellant has a bill of exceptions which consists of the entire stenographic question and answer report of the trial. This is not sufficient to call for any discussion of any part thereof, as a bill of exceptions, on the part of this court. Howard v. State, 65 Texas Crim. Rep., 25, 143 S. W. Rep., 178; Cabral v. State, 57 Texas Crim. Rep., 304; Harrison v. State, 69 Texas Crim. Rep., 291, 153 S. W. Rep., 139 The manner and form of preserving and presenting errors complained of in the court below by bills of exception are well known and should be conformed to.

Appellant asked for a continuance because of the absence of one Jewel. It was shown that a subpoena was issued by appellant's counsel for one Jewel at a given address. It is stated in the court's qualification to this bill of exceptions that on the morning of the trial one Jewell Alexander was brought into court in obedience to said subpoena. Appellant's counsel stated he was not the party they desired. It is also made to appear that they wished one Jewell, whose further name is not given, but whom they claimed to believe to be the man with whom the alleged date was made by appellant for said female. In his qualification to this bill of exceptions the court further says that no fact was brought out on the trial to show that any such named party was the person solicited for by appellant at any time. The continuance was properly denied.

Complaint is also made that appellant was forced to trial so soon after his arrest. He was arrested on Tuesday and tried on the following Monday. The case is one of misdemeanor. A speedy public trial is not only commended by our Constitution but guaranteed to the accused.

Appellant also complains that by reason of the names of certain witnesses not being on the information, he was denied the privilege of talking to them. Nothing appears in the bill of exceptions indicating any injury to appellant. It appears that when said witnesses came into the courtroom appellant's counsel was apprised of that fact and he was given whatever opportunity he desired to talk with them.

No error was committed by allowing in evidence with the consent of the attorney for ¿ ~pellant, a letter to which various objections had theretofore been made by appellant, which objections had been sustained up to the time of the agreement to allow the letter in evidence.

Bill of exceptions No. 7 sets out part of the testimony of the witness Iola Walker and part of the testimony of Stella Betts. It is impossible for us to tell to which testimony the objection of appellant was directed.

A number of exceptions were taken to the charge of the court, all of which we have carefully examined. We think them all without merit, and to set them out at length would be of no use.

A female procured, etc., is not an accomplice. Smith v. State, 73 Texas Crim. Rep 145, 164 S. W. Rep. 825; Hewitt v. State, 74 Texas Crim. Rep. 46, 167 S. W. Rep. 40. Appellant asked a special charge that if the jury believed Stella Betts to be an accomplice they could not convict on her testimony unless same was corroborated. In Hewitt's case, *supra,* we held that though the solicited female go voluntarily with the accused to the place where the illicit intercourse takes place, she is not an accomplice. The ordinary definition of an accomplice as contained in said special charge, would be apt to be confusing in a case of this character. As said by Judge Davidson in Denman v. State, 77 Texas Crim. Rep. 256, 176 S. W. Rep. 332, in substance, if the accused originated the matter and solicited the female, she would not be an accomplice, though she accepted his invitation and employed him to make dates for her; but if she originated the matter and approached him first the rule would be otherwise. No requested charge appears in this record asking that the jury decide upon proper definition and instruction whether, under the facts as applied to such definition and instruction, Stella Betts was an accomplice. A special charge presenting an omitted issue is necessary in a misdemeanor case.

Appellant sought to have the jury instructed that one act of intercourse between a man and a woman was not "unlawful intercourse." This was properly refused. The statute forbidding the solicitation or procuring of a woman to have unlawful intercourse does not mean that character of sexual communication expressly forbidden by statute, but includes all illicit intercourse. We think the definitions of this word in this connection as used in other states applicable. In North Dakota it is (2) that which is contrary to the policy of express law, though not expressly forbidden. (3) That which is otherwise contrary to good morals. In Florida it means that which is without authority of law, and this is also held in McDaniel v. U. S., 87 Fed. 321.

Appellant asked an instructed verdict of not guilty which we think was properly refused. The woman in question, a girl of nineteen, said that she had been working for a telephone company in Dallas prior to being approached by appellant on the street. He took her

and another girl for a ride on that occasion, and indications pointed to intercourse between him and the other girl. Subsequently he called Stella Betts over the telephone and made a date for her to come down and go out in his car, on which occasion she had intercourse with a white man who paid her four dollars, one dollar of which she gave to appellant. She said that subsequently he called her at other times and made dates for her with men, and that each time she paid him a part of the money she received, and further states that on each occasion appellant himself insisted upon, and did have intercourse with her. Her testimony was self-contradictory in some parts. That was a matter for the jury which they have settled against appellant.

We think the evidence sufficient to support the conviction, and the judgment will be affirmed.

*Affirmed.*