## .W. L. Gribble v. The State.

No. 6960.   Decided May 17, 1922.

**1.—Aggravated Assault—Sufficiency of Evidence—Charge of Court.**

Where the guilt of appellant depended entirely upon the guilt of his companion, and whether appellant acted with him, and the court submitted a proper charge on this phase of the case, and the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Bills of Exception—Questions and Answers.**

This court has repeatedly called attention to the impropriety of presenting bills of exception in questions and answers form, and will not consider same on appeal. Following Carter v. State, 234 S. W. Rep., 535, and other cases. However, if the bills are considered, there is no reversible error.

**3.—Same—Evidence—Finding Pistol.**

Upon trial of aggravated assault, there was no error in admitting testimony about appellant having a psitol at the time he was arrested, and his actions with the pistol toward the·injured party, and there was no error in the ruling of the court with reference to these bills of exception.

**4.—Same—Evidence—Flight—Principal.**

Upon trial of aggravated assault, there was no error in introducing testimony that on the morning after the alleged assault, the officers had been unable to find defendant's principal in the offense. Any evidence pertinent to show the guilt of the principal was admissible.

Appeal from the District Court of Childress. Tried below before the Honorable J. Nabers.

Appeal from a conviction of aggravated assault upon an indictment for rape; penalty, a fine of $100.00 and twelve months confinement in the county jail.

The opinion states the case.

*W. B. Howard,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of bills of exception, cited cases in opinion.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment assessed being a fine of $100 and confinement in the county jail for twelve months.

It was charged against appellant that he, acting together with one Dan Weaver, committed the offense of rape upon Florida Mitchell. Florida Mitchell was a negro woman about twenty-two years of age and at the time of the alleged assault she and her husband were at the home of her father. Appellant and Dan Weaver were white men. The State's evidence shows that they came to the house of prosecutrix's father about daylight on the morning of the alleged assault. Both were to some extent under the influence of intoxicating liquor. While prosecutrix and her mother were preparing breakfast prosecutrix went out in the yard to get some chips to put on the fire. Dan Weaver followed her out of the house and made an assault upon her, she claiming that he accomplished the complete act of intercourse without her consent. She screamed while out in the yard, calling her mother to come to her assistance. Her husband undertook to leave the house and go to her, when appellant (Gribble) prevented him from so doing by presenting a pistol at him and keeping him in the house. Appellant disclaims any knowledge of Dan Weaver making an assault on prosecutrix, and denied having prevented anyone going out of the house. He is supported in his testimony by that of another witness who was present at the time. The guilt of appellant depends entirely upon the guilt of Weaver and whether appellant acted with him. This was recognized by the court, and the jury were instructed if they had a reasonable doubt as to appellant's knowledge that prosecutrix was out of the house at the time, or of him knowing that Weaver was making an assault upon her they should acquit him. The State's testimony was accepted by the jury as reflecting the truth of the occurrence, and the evidence is sufficient to support the verdict and judgment.

Motion has been filed by the Assistant Attorney General not to consider bills of exception 1, 2, 3, 5 and 6 because same consist of questions and answers. We have repeatedly called attention to the impropriety of presenting bills in this form. Carter v. State, 90 Texas Crim. Rep., 248, 234 S. W. Rep., 535; Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744; Huey v. State, 90 Texas Crim. Rep., 422, 235 S. W. Rep., 887; McDaniel v. State, 90 Texas Crim. Rep., 636, 237 S. W. Rep., 292; Watson v. State, 90 Tex. Crim. Rep., 576, 237 S. W. Rep., 298. If the bills should be considered by us we have been unable to discover therefrom any error committed by the trial

court. Bill No. 1 appears to complain because Florida Mitchell was permitted to testify as to the assault made upon her by Weaver out in the yard in the absence of appellant. If appellant, although in the house, knew what Weaver was doing, and prevented others from going to the assistance of prosecutrix he would be guilty of acting together with Weaver and it was therefore pertinent to show what Weaver had done. If Weaver was not guilty of an assault upon prosecutrix appellant under the facts of this case could not be.

Bills Nos. 3 and 5 relate to some inquiry made of the deputy sheriff and the justice of the peace about appellant having a pistol at the time he was arrested and his actions with the pistol. We observe no violation of any rule of law in admitting this testimony. He was arrested at the house where the offense is alleged to have occurred and within two or three hours thereafter. It being part of the State's case that appellant was using a pistol to prevent parties from going to the assistance of prosecutrix while Weaver was engaged in making an assault upon her, it was pertinent to show that a few hours thereafter at the same place he was armed with a pistol, and to also show his actions at the time of his arrest tending to show resistance thereto. We gather from bill of exception No. 4 that a witness by the name of Brinninstool had testified in the case and that appellant made a motion to have the court strike from the record the testimony of this witness given on direct examination. This bill can not be considered because it fails to state what testimony appellant was seeking to have stricken from the record except by reference to the direct examination. It does not apprise us of any matter for revision.

Appellant objected to the State proving by the officers that they had made a search for Dan Weaver (appellant's co-actor) on the morning after the alleged assault and that they had failed to find him at that time or at any time since then. Before the State could establish the guilt of appellant it was necessary to establish first that Dan Weaver had been guilty of an assault upon prosecutrix, as Weaver was the principal actor in the transaction. Any evidence pertinent to show his guilt was admissible. It was therefore proper for the State to show Weaver's flight.

We have examined bill of exception No. 2, and have discovered therefrom no error in the ruling of the court.

The judgment is affirmed.

*Affirmed.*