## BURGE v. STATE.   (No. 7303.)

(Court of Criminal Appeals of Texas.   Oct. 24, 1923.   Rehearing Denied Nov. 21, 1923.)

**1. Prostitution ⊗⇒3—Indictment charging solicitation of female to have intercourse with person at particular place held sufficient.**

Indictment alleging that defendant invited and solicited his wife, naming her, "to visit and be at a particular place there situate, to wit, an automobile, for the purpose of committing and having sexual intercourse with a male person," *held* to charge a violation of Pen. Code 1911, art. 498, as against the contention that it was too vague and indefinite, in that the place was not sufficiently described and the male person she was invited to meet was not named.

**2. Criminal law ⊗⇒419, 420(6)—Hearsay testimony properly excluded, notwithstanding death of person who had made statement to witness.**

In a prosecution of a husband for soliciting his wife to have intercourse with another man in violation of Pen. Code 1911, art. 498, in which it was claimed that the prosecution was instituted as a blackmailing scheme to extort money from defendant's father, testimony that the father had told witness that telephone conversation between the father and a third person in the presence of the witness was with defendant's wife, and that the wife had demanded that the father meet her and make a settlement, *held* properly excluded as hearsay, notwithstanding father's death prior to the trial.

**3. Prostitution ⊗⇒4—Evidence as to unsigned note not admissible to prove blackmail scheme, in absence of evidence connecting note with prosecution.**

In a prosecution for soliciting a female to meet a man at a particular place for the purpose of having unlawful intercourse in violation of Pen. Code 1911, art. 498, in which it was claimed that the prosecution was instituted as a blackmailing scheme to extort money from defendant's father, testimony as to unsigned note found on the screen of the father's porch stating the writer had "been trying to see you for the purpose of a settlement," *held* properly excluded, in absence of evidence connecting the note with the prosecution.

**4. Witnesses ⊗⇒345(2)—Testimony that witness had been found guilty as a delinquent child not admissible for purpose of impeachment.**

In a prosecution of a husband for soliciting his wife to meet another man at a certain place for the purpose of having intercourse in violation of Pen. Code 1911, art. 498, testimony that principal witness for the state had been found guilty as a delinquent child by the Juvenile Court of a county *held* not admissible in view of Vernon's Ann. Code Cr. Proc. 1916, art. 1197, making the disposition of any child in delinquency proceedings not admissible against such child in any civil or criminal action except in subsequent delinquency cases against such child.

**5. Witnesses ⊗⇒295—Testimony that witness had detailed facts testified to before the trial admissible in view of testimony that she had made contradictory statement.**

In a prosecution for soliciting a female to meet a man at a particular place for the purpose of having intercourse, in violation of Pen. Code 1911, art. 498, in which the defendant had been permitted to prove that the principal witness for the state had in conversation with defendant's mother denied that the defendant was guilty of the offense, testimony of the assistant district attorney that the witness, in detailing the facts pertaining to the offense 10 or 15 days prior to the trial, had stated them substantially as testified to by her, *held* admissible.

**6. Prostitution ⊗⇒4—Testimony as to unchastity of woman not admissible in prosecution for soliciting her to meet other man for purpose of intercourse.**

In a prosecution of a husband for soliciting his wife to meet another man at a certain place for the purpose of having unlawful sexual intercourse, in violation of Pen. Code 1911, art. 498, in which the wife did not testify, testimony as to the wife's want of chastity prior to her marriage to defendant was not admissible.

Appeal from Harris County Court at Law, No. 2; Roy F. Campbell, Judge.

R. A. Burge, Jr., was convicted of soliciting his wife to visit and be at a particular place for the purpose of having unlawful sexual intercourse with another person, and he appeals.   Affirmed.

Woods, King & John, of Houston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.   Conviction is under article 498 of the Penal Code, with punishment assessed at a fine of fifty dollars.

[1] The indictment alleges that appellant invited and solicited his wife, Arta Strickland Burge, "to visit and be at a particular place there situate, to wit, an automobile. for the purpose of meeting and having unlawful sexual intercourse with a male person."   The indictment is attacked on the ground that it is too vague and indefinite to charge an offense, in that the place is not sufficiently described, and the male person she was invited to meet is not named.   The identical questions are settled adversely to the contention in Carter v. State, 90 Tex. Cr. R. 248, 234 S. W. 535.

[2] Appellant, under an assumed name, married his wife.   He claimed it was not in contemplation at the time of the marriage that they would live together as husband and wife, but that he had married Arta Strickland and a friend of his, John King, had married Cora (the girls being sisters), at the instance of the girls, to relieve them from parental supervision.   It was claimed

by appellant that the prosecution was instituted as a blackmailing scheme to extort money from R. A. Burge, Sr., father of appellant. R. A. Burge, Sr., had died before the trial. The defense sought to prove by P. E. Wise that at a certain time he was in the office of Burge, Sr., when a telephone call came to Mr. Burge, who said: "It will be impossible for me to see you before tomorrow;" that Mr. Burge turned immediately and told Wise the call was from the girl appellant had married, and that she had demanded that he meet her and make a settlement. This proffered testimony was excluded on objection by the state. It frequently happens that evidence which would be pertinent for either the state or defense is lost to them by the death of the witness. The exigency thus arising cannot be made an excuse for violating a rule of evidence. The testimony sought from Wise was purely hearsay, and was properly excluded.

[3] Appellant offered to prove by his mother that long prior to the institution of the prosecution, and after appellant had left Houston, she heard footsteps on her porch at night; that upon going to the door she found sticking in the screen this note:

"I have been trying to see you for the purpose of a settlement, but you have refused to see me or make any settlement. If I don't get a settlement tomorrow you can take the consequences."

The note was unsigned. No effort was made to trace its authorship to appellant's wife or to any one else connected with the prosecution. The mother would have sworn that in her opinion it was written in a lady's hand. There is nothing in the record to show it even had remote reference to the instant investigation. The court committed no error in refusing to receive the evidence.

[4] Cora King (formerly Cora Strickland) had testified to facts making out a case against appellant. He sought to impeach her by showing that in 1918 she had been found guilty as a delinquent child by the juvenile court of Harris county. (Bills of exception 4 and 5.) We think the statute on delinquency furnishes a complete answer to appellant's contention that the court committed error in not permitting such proof. The last paragraph of Article 1197, Vernon's Code of Criminal Procedure 1916, reads:

"A disposition of any child under this act or any evidence given in such case, shall not in any civil, criminal or other cause or proceeding whatever in any court be lawful or proper evidence against such child for any purpose whatever except in subsequent cases against the same child under this act."

[5] Complaint is made because the court permitted the assistant district attorney, W.

M. Holland, to testify over appellant's objections that he had talked with the witness Cora King (née Strickland) about 10 or 15 days prior to the trial and that she at that time in detailing the facts pertaining to the offense charged against appellant stated them substantially as testified, to by her upon the instant trial. We observe no error on the part of the court in admitting such testimony. Appellant had proven by his mother that on the day before the case went to trial she had talked to said witness over the telephone, in which conversation Mrs. King was asked if appellant was guilty of the charge made against him, to which she replied:

"Positively no, Mrs. Burge, he is not; Robert [appellant] has always conducted himself as a gentleman in so far as I know, but Johnnie King is the one that I am after."

Where it is sought to impeach a witness "by showing that he" or she "has made statements with reference to the transaction out of court different from and contradictory to his testimony delivered on the * * * trial, it is not error to permit the state to support the witness by showing that shortly after the transaction, and before any motive or inducement existed to fabricate," the witness "made statements of the matter similar to his testimony delivered on the trial."

The foregoing is a quotation from section 181, Branch's Ann. Penal Code, and is supported by the many authorities collated by the author under the section quoted. We observe nothing in the action of the court in admitting the evidence of Holland contrary to the rule there recognized.

[6] Appellant's wife, Arta, was not a witness in the case. Her sister, Mrs. King, was asked if it was not a fact that Arta, previous to her marriage with appellant, had borne an illegitimate child. Upon objection by the state she was not permitted to answer. Under the authority of Mobley v. State, 89 Tex. Cr. R. 646, 232 S. W. 531, the question would perhaps have been pertinent to Arta if she had been a witness against appellant as touching her credibility; but, not being a witness, we cannot perceive the relevancy of the testimony. It was not a defense to the charge for which accused was upon trial, and therefore not a provable fact against the wife whom he was alleged to have solicited to grant carnal favors to other men after her marriage to him.

We have not thought it necessary to relate at any length the evidence, having stated only so much thereof as made pertinent our discussion of the questions of law presented. No good could result from setting the evidence out in detail. In our opinion it justified the verdict.

The judgment is affirmed.