W. T. JORDAN v. THE STATE.

No. 7642. Decided October 31, 1923.

Rehearing denied. November 28, 1923.

1.—Assault with Prohibited Weapon—Indictment.

Where the indictment charged that defendant, while then and there unlawfully carrying on and about his person a pistol, with the said pistol did in and upon E. T. Floyd make an assault and did then and there with said weapon so unlawfully carried, strike, beat and bruise and wound the said E. T. Floyd against the peace and dignity of the State, the same was sufficient. Distinguishing Denton v. Texas, 76 Texas Crim. Rep., 58.

2.—Same—Continuance—Conclusions—Want of Diligence.

Waiving the fact that mere conclusions and general averments are not sufficient in an application for continuance, the same showed a want of diligence in defendant's efforts to secure the attendance of the alleged witness, there was no error in overruling the application.

3.—Same—Bills of Exception.

Where a number of the bills of exception presented no error, and another alleged merely hearsay evidence, there was no reversible error.

4.—Same—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of assault with prohibited weapon, the evidence did not raise the issue that defendant was on a *bona fide* journey home with a pistol, there was no error in refusing a charge thereon, and the evidence being sufficient to sustain the conviction there is no reversible error.

5.—Same—Rehearing—Indictment.

Where the indictment for making an assault with a prohibited weapon followed the language of the statute and approved precedent, there was no error in overruling the motion to quash.

**6.—Same—Continuance—Want of Diligence.**

The burden of showing diligence is on the accused who seeks a continuance, and where the record showed that there was a lack of diligence upon the part of the defendant to procure the alleged witness, there was no error in overruling the application.

**7.—Same—Evidence—Witness.**

It is ordinarily permissible for the party introducing a witness to show by him what his business is, and when the State's witness answered to this inquiry that he was a constable of his precinct, there is no error.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of carrying a prohibited weapon and making an assault therewith, the evidence was sufficient to support the conviction, and did not call for the giving of any of defendant's requested charges presenting the proposition of a lawful carrying of said pistol, there is no reversible error.

Appeal from the Criminal District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction for an assault made while unlawfully carrying a prohibited weapon; penalty, a fine of $500.

The opinion states the case.

*E. Newt Spivey* for appellant. Cited, cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for an assault made while unlawfully carrying a prohibited weapon under Article 1024A, P. C., with punishment assessed at a fine of five hundred dollars.

Omitting the formal parts, the indictment charges that appellant: "—While then and there unlawfully carrying *on and about his person a pistol,* with the said pistol did in and upon E. T. Floyd make an assault and did then and there with said weapon so unlawfully carried strike, beat and bruise and wound the said E. T. Floyd.—"

Appellant contends that under the authority of Denton v. State, 76 Texas Crim. Rep., 58, 172 S. W. 796, the indictment charges no offense and that the trial court was in error in refusing to sustain the motion to quash. The indictment here under consideration may be clearly distinguished from that in the Denton case. There the allegation was only that the accused *unlawfully carried a pistol* and no element of the unlawful carrying was set out in the indictment. The omission of the very words which caused the holding of the indictment in Denton's case bad are found in the present indictment, viz: that appellant carried "on and about his person."

Appellant complains of the refusal of the trial court to grant a continuance on account of an absent witness, C. M. Knight. He alleges in his application that Knight, "would testify that he was present and with the defendant at the time of the alleged assault and that the defendant did not make an assault on E. T. Floyd with a pistol or in any manner." It may be seriously questioned whether the application is sufficient in that it fails to set out specifically the facts which the absent witness would testify to, but appear to be mere conclusions and general averments which are not sufficient. (See many authorities cited under the third paragraph of Section 312, Branch's Ann., Penal Code.) It is not necessary however, to dispose of the matter on that ground. The court's qualification to the bill makes it apparent that appellant was lacking in diligence in his efforts to secure the attendance of this witness. The indictment was filed on November 3d, and the case set down for trial on November 20th. Process was issued for this witness on the 15th day of November and served on the 18th. When the case was called on November 20th it was postponed until December 11th. The witness Knight was not present at the time the case was called on November 20th and no fields in the State of Arkansas and had been for several weeks prior diligence whatever is shown to secure his attendance since that time. The proof shows that said witness is absent from the State in the oil to the time this case was tried.

Bills number three and four present no error and we think it unnecessary to discuss them. We are at a total loss to understand appellant's bill of exception number five. It makes reference to something appellant told one Luckett, and that Luckett would have testified to certain facts. Whatever the complaint is about it occurred while Pauline Levy was being examined as a witness. So far as the record shows Luckett was not a witness in the case at all. The bill as we find it in the record presents no matter of which we can take cognizance.

The remaining bills complain of the refusal of the court to charge with reference to appellant's claim that he was not unlawfully carrying the pistol at the time of the alleged assault. The merit, or otherwise, of this contention must be determined by the facts. Floyd was constable. His testimony in substance was that he had followed a negro whose conduct was suspicious into the vicinity where the assault was committed; that he heard some one cursing and making threats about the officers and saying to some one, "go ahead and call the officer;" that it was dark, being about nine o'clock at night; that the party doing the cursing was on the porch at Eva Davis' house; (it was shown that Eva Davis' house bore the reputation of being a disorderly house, as did others in the immediate locality); that he went to the house and found two men beside appellant there, and up-

on inquiring what they meant by their conduct appellant stepped back from the door with a pistol in his hand; that appellant was very drunk; that Floyd tried to get him to go away and after some words between them one of the men with appellant held the officer's arms while appellant struck him in the face with the pistol. The officer was supported by the testimony of Pauline Levy as to the assault, and the boisterous conduct of appellant. The blow caused considerable flow of blood. Floyd telephoned for other officers and appellant was arrested some thirty minutes later in the house of Nezzie Baker about two blocks from the scene of the assault. He was very drunk and cursed the arresting officer whom Nezzie Baker requested to get appellant out of her house.

Appellant and his witnesses denied *in toto* the assault. He claimed the pistol belonged to the sheriff, and that he had taken it to the sheriff's office to leave it, but no one being there he was taking it home, and had gone to the oil mill to see a negro and was returning to his car when the trouble arose. The evidence shows beyond dispute that appellant was drunk and going from place to place in the disreputable part of the city raising trouble and making disturbance with the unfortunate women residing there. To our minds the evidence did not raise the issue that appellant was on a *bona fide* journey home with the pistol, and no charge upon that issue was called for.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 28, 1923.

LATTIMORE, Judge.—Article 1024-a of our Penal Code provides that if any person shall commit an assault with certain named weapons *while same are being unlawfully carried by the person committing such assault,* he shall be deemed guilty, etc. The language of the indictment herein charges that appellant "while then and there unlawfully carrying on and about his person a pistol, with said pistol made an assault on" etc. The indictment is sufficient. It follows the language of the statute and fully charges every ingredient of the offense.

Witness Davis for appellant was subpoenaed on the 18th of November to appear on the 20th of the same month. On the 20th this witness was not present as certified in the court's explanation to the bill of exceptions presenting the complaint. The bill of exceptions was accepted by appellant with this qualification upon it and we are bound thereby. No further process was sought for said witness. The case was postponed to December 11th. When then called continuance

was asked because of the absence of Davis and was properly refused for lack of diligence. The burden of showing diligence is on the accused who seeks a continuance. See authorities cited under subdivision 2, Art. 608, Vernon's C. C. P.

It is ordinarily permissible for the party introducing a witness to show by him what his business is. That in response to such inquiry a State witness testified that he was constable of his precinct, would not seem to present any objectionable matter. No authorities to the contrary are cited and none are known to us.

There seems no denial of the fact that appellant was in what was called a sporting house when the alleged assault took place, and was in another when he was arrested shortly afterward. He testified that he had also been down to an oil mill. He was admitted to be very drunk. There seems no sufficient evidence to call for the giving of any of his special charges presenting the proposition of a lawful carriage of the pistol on his part.

The motion for rehearing will be overruled.

*Overruled.*