## BEN GORDON v. THE STATE.

No. 14809.   Delivered February 3, 1932.
Rehearing Denied April 20, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of turkeys; punishment, a fine of $100, and 100 days in the county jail.

Appellant sought a continuance because of the absence of one Riptoe by whom he could prove that on the morning of February 23, 1931, witness saw a Mexican in Abilene in an old Ford truck loaded with turkeys and chickens; that about 7 o'clock on said morning the Mexican was offering same for sale; that said Mexican was going in the direction of Coleman, Texas. That witness had written to appellant and his co-defendants to come to Abilene where they could get work. The application set up that this testimony would be material, for that appellant would testify that on said date he and others, at a point on the road between Coleman and Abilene, bought the turkeys in question from a Mexican who was driving an old Ford truck and coming from the direction of Abilene; that they paid him for same and carried them to Abilene, and offered them for sale to the Western Produce Company, not knowing they were stolen. For more than one reason it was not error to refuse said continuance. There was no diligence. Appellant was arrested for his connection with this alleged theft on February 24, 1931. The indictment herein was returned on April 14, 1931. According to the statements in the application for continuance, process was first issued for Riptoe on May 1st. To have waited sixteen days from the return of the indictment before issuing process, would seem a lack of diligence. The subpoena issued on May 1st was made returnable May 4th. The case was called for trial May 11th. No reason is given why an attachment was not procured for said witness on May 4th, if as the bill sets out, the witness did not appear. The burden is on the defendant to show diligence.

We might add that under the facts if the date the Mexican was claimed in the application to have had the turkeys in Abilene had been laid on the 24th, the court below was justified in believing that had the witness given the testimony set out in the application, it would not have affected the result. At the very hour Riptoe would have sworn he saw a Mexican in Abilene in an old Ford truck with turkeys and chickens,— the witness working for the Western Produce Company said that appellant and his companions were at their place of business with the alleged stolen turkeys. Appellant and his witnesses said that at 6 o'clock that morning appellant and his party were in Coleman, sixty miles from Abilene. Appellant testified that he met a Mexican who had a flat tire near Novice some twenty miles from Coleman, that they remained around the Mexican for twenty or thirty minutes, and finally bought some turkeys and chickens from him, which they carried to Abilene. Considering this, it is plain that they could not have reached Abilene until an hour or two after the time the state witnesses said they were there, at which hour also, Riptoe would have sworn he saw the Mexican

in Abilene. Besides, the application showed that Riptoe would testify he saw the Mexican in Abilene on the 23rd. The turkeys in question were not stolen until that night.

In as much as appellant himself admitted his identity as one of the parties who took the turkeys to the Western Produce Company at Abilene on the morning of February 24th, and since there was no issue as to the identity of the turkeys, nor that they were brought back to Coleman by the officers, we see no good to come from discussing bills of exceptions Nos. 2, 3, 4, 5, 6, 7, 9 and 10, all of which complain of matters pertinent, if at all, to some one of the questions just mentioned. Bill of exception No. 2 sets out a remark of the court and makes complaint of same, but we see nothing improper in the remark in view of the qualification to the bill.

Bill of exception No. 8 sets out complaint of the testimony of defense witness Sadler who, on cross-examination, said, in effect, that appellant had paid him nothing for the use of his car, which was used by the parties who drove to Abilene with appellant on the night of the 23rd. Sadler had testified on direct examination that he loaned the car to said parties. We fail to see error in the matter complained of.

Bills of exception Nos. 11, 12 and 13 complain of argument of the state's attorney. We deem it unnecessary to set out the arguments. Careful examination has been given to each statement made. We think them not such as to call for reversal.

Bill of exception No. 14 complains of the action of the court in setting this case down for the last week of the term, and having the sheriff to summon a jury. From the qualification to this bill of exception we learn that jurors were drawn for three weeks of the term, and that because of the dispatch of other business the court found he would have time for the trial of other cases, and on Saturday before the last week of the term he directed the sheriff to summon a jury for the next week. We see no objection to this procedure which seems to have been followed in many instances, and to be provided for by statutes.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The court certifies in bill of exception A that the witness Riptoe had been served with process on May 3rd directing him to appear as a witness in this cause on May 4th. Lack of diligence to procure process in the first instance would seem immaterial if the witness was in fact served in time to have obeyed the process, and that part of our original opinion calling attention to the delay in procuring process might have been omitted. However, if the witness did not appear on May 4th in obedience to the process—and there is no averment in the

application for a continuance that he did do so—it would ordinarily be lack of diligence to omit further effort to secure his attendance, although the case was called for trial at a later day of the term. The following cases seem to be directly in point. Henry v. State, 38 Texas Crim. Rep., 306, 42 S. W., 559; Fortune v. State, 96 Texas Crim. Rep., 569, 259 S. W., 573; Hill v. State, 18 Texas App., 665; Bates v. State, 99 Texas Crim. Rep., 647, 271 S. W., 389; Godby v. State, 88 Texas Crim. Rep., 212, 225 S. W., 516; Suber v. State, 88 Texas Crim. Rep., 416, 227 S. W., 314; Washington v. State, 91 Texas Crim. Rep., 546, 239 S. W., 961; Johnson v. State, 95 Texas Crim. Rep., 269, 252 S. W., 554; Jordan v. State, 96 Texas Crim. Rep., 70, 255 S. W., 735.

In our original opinion bills of exception 2, 3, 4, 5, 6, 7, 9 and 10 were grouped and discussed together. We referred to an explanation of the court on bill number two. Appellant calls attention to the fact that the explanations on that bill, as well as on bill four, were excepted to. This being true, of course, the bills must be considered without the explanations. Disregarding them, we discover no error in the bills in view of the entire record.

We have again examined the other questions presented in the motion for rehearing but find nothing upon which a reversal of the judgment could be properly predicated.

The motion for rehearing is overruled.

*Overruled*