## Jessie Warrick v. The State.

No. 14779.   Delivered February 10, 1932.
Rehearing Denied April 20, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Conviction is for theft of turkeys; the punishment, one year in the penitentiary.

The appellant was jointly indicted with S. B. Warrick, Morris Warwick, Ben Gordon, and Harry Gordon for the theft of turkeys from one Bill Lightner and upon severance, appellant was tried alone.

Appellant contends that the trial court erred in not granting the appellant's first application for a continuance for the want of the testimony of the defense witness, D. R. Riptoe. In the companion case of Ben Gordon v. State, 120 Texas Crim. Rep., 602, 48 S. W. (2d) 629, appealed from Coleman county, in an opinion by this court delivered February 3, 1932, in passing upon the same motion for a continuance in that case as is here presented to this court, it was held that there was no error in refusing such continuance on the grounds that there was no diligence shown. The same question having been presented in Gordon's case, we pretermit further discussion of the matter.

The appellant complains that the trial court in his charge to the jury did not affirmatively charge the defendant's defense. One of the defenses of the appellant was that of an alibi which the court in his charge affirmatively submitted. Another affirmative defense of the appellant was that he and his co-defendants purchased the turkeys alleged to have been stolen from a Mexican on the highway leading from Coleman to Abilene. The trial court, at the request of the appellant, gave a special charge submitting said issue affirmatively.

By proper bill of exception, appellant complains that after all the evidence was closed in the case and the court had read his charge to the jury that over the objection of the appellant, the state recalled the state's witness, F. M. Eidson, and had him to testify that defendant at the time he came to his place of business told him his name was Willis Ward. The defendant objected to the reopening of the case because there was no showing that the district attorney was misled in any way and the testimony had been closed and the court had read his general charge to the jury and it would be improper and prejudicial for the state to be permitted to reopen the case. There is no showing that the introduction of this witness was a matter of surprise to the appellant or that he had permitted any of his witnesses to leave or that he was in any wise injured or his rights impaired or affected by this action of the court. Article 643, Code of Criminal Procedure, provides: "The court shall allow testimony to be introduced at any time before the argument of a case is concluded, if it appears that it is necessary to a due administration of justice." At the time the court permitted the state to reopen the case in the present instance argument had not commenced. In a matter of this kind the trial judge must exercise his sound discretion. There is nothing in the present record showing any abuse thereof. Tarver v. State, 108 Texas Crim. Rep., 655, 2 S. W. (2d) 439; Childs v. State, 102 Texas Crim. Rep., 84, 276 S. W., 1105.

By proper bill of exception, appellant complains of the argument of

628

the district attorney as follows: "If this defendant decided he would go out like a wolf and steal turkeys like a wolf from the farmers of this county, you should put him in the penitentiary." Appellant excepted to said argument on the grounds that it was prejudicial and no evidence authorized such remark and nothing was stated by defendant's counsel which called for such remark and same was abusive. This statement by the district attorney seems to be within the bounds of legitimate argument, and we think it is not such as calls for a reversal.

The record presents no question warranting a reversal of the case.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This is a companion case to that of Ben Gordon, 120 Texas Crim. Rep., 602, 48 S. W. (2d) 629, in which a motion for rehearing has this day been overruled. In the present case the indictment alleges the theft of turkeys from Bill Lightner. However, the identical question is presented in this case as to the refusal of continuance for the witness Riptoe as was discussed in Gordon's case. Process was issued on May 1st, directing the witness to appear on May 4th. It was served May 3rd. The case was not called for trial until May 9th. The application for continuance fails to show whether witness was present on May 4th, in obedience to served process. If he was not, diligence would demand additional process. (See same authorities cited in the opinion on rehearing in Gordon's case.)

Appellant complains in his motion for rehearing that we did not discuss specifically bill of exception No. 2, in which complaint is brought forward at an answer made on cross-examination by the witness Lightner, who was the owner of the alleged stolen turkeys. The bill recites that on direct examination Lightner claimed to have identified the turkeys by certain marks and on cross-examination was asked, "Would you know those turkeys independent of the marks?" The witness replied, "I think I would, just like you would, or anybody else." The bill recites that the answer was objected to because it was not responsive to the question, and involved an opinion of the witness; it further recites that the court refused a request to withdraw the answer from the jury. We do not see how serious harm could have resulted to appellant from the answer made. We also observe that a part of the reply was responsive to the question. In requesting the court to withdraw the answer that part claimed to be not responsive was not pointed out. The request was to withdraw the entire answer. In refusing this there was no error. Fur-

thermore, we observe in the statement of facts that before the answer complained of was given Lightner had testified as follows: "The way that I claim to identify the turkeys, one had a toe off, and the other did not have any marks on it at all, except that she had some scaly legs. * * * That was the method and mode of identification. As to whether that was all the mode; it is just like your horse that you would know. You would know a turkey just like you would know your cow. There was not anything else except those marks that I had to identify them by; and the fact that I knew the scaly leg, and I would naturally know the turkeys just like I would a cow or a calf."

The above quoted testimony seems to have been given by Lightner without objection.

A similar complaint is made in bill of exception No. 3 that another reply of the witness Lightner was not responsive to the question, that the court declined to withdraw it from the jury. This bill is in the same condition as bill number two in that a part of the answer was responsive. That part which was thought to be not responsive was not segregated in the request to withdraw. We can not regard that part of the answer claimed not to have been in response to the question as nearly so serious as urged by appellant.

The other questions presented in appellant's motion seems to present no matters calling for further discussion.

The motion for rehearing is overruled.

*Overruled.*