## AMERICUS EVAGE V. THE STATE.

No. 20197. Delivered February 22, 1939.

The opinion states the case.

*Elmer Parish* and *Philip S. Kouri,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction is for unlawfully carrying a pistol, the punishment being assessed at a fine of $100.00.

The record is before us without bills of exception or statement of facts. However an inspection of the transcript evidences an error in the complaint and information that is fatal to the conviction. The information, in the charging part thereof, alleges "That Americus Evage on or about the 15th day of September, A. D. 1938, and before the filing of the complaint and this information in the County of Wichita, and the State of Texas, did then and there unlawfully on or about his person a pistol against the peace and dignity of the State;" and the complaint is identical therewith in the charging part thereof. These pleadings are defective in two particulars. In the first instance in that neither alleges that the appellant "carried" such pistol; and in the second instance that they do allege that he carried same on *or* about his person.

Mr. Branch's Penal Code, p. 556, Sec. 967, says: "An indictment or information alleging that defendant did carry on 'or' about his person a pistol is bad for uncertainty, because the allegation is in the alternative," citing many cases. The complaint and information should have alleged the matter in the conjunctive, and further they should have contained an allegation that appellant "carried" such a pistol on and about his person.

Both of these reasons will cause us to reverse this judgment and order the prosecution dismissed on account of the failure of the complaint and information to charge a violation of the law.

Judgment reversed and prosecution ordered dismissed.