ELOISE WILSON v. THE STATE.

No. 23908. Delivered February 4, 1948.
On Rehearing March 24, 1948.

*Smith & Pollard,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was, upon her plea of guilty to the offense of an assault with a prohibited weapon, assessed a punishment of one year in the penitentiary.

Appellant sought a new trial, claiming, among other things, that she entered the plea of guilty under a mistake of fact and also that the trial court failed to appoint counsel to prepare and present for her an application for suspended sentence, as required by Article 776, C. C. P.

It is not necessary to determine the questions presented, for we have concluded that the indictment is fatally defective.

The indictment charges that appellant "did then and there while then and there unlawfully carrying on or about her person a pistol, with the said pistol did then and there wilfully commit an assault in and upon James Ward with said Pistol, and did then and there with said pistol shoot the said James Ward."

The offense created by Article 1151, P. C., under which this prosecution is brought, is the assault committed wilfully with a prohibited weapon while the weapon is being unlawfully carried. It follows, then, that to charge an offense under the statute, the indictment must allege facts showing that the weapon was unlawfully carried. The mere allegation that the weapon was unlawfully carried is not sufficient to meet this requirement. Such was the holding of this court in Denton v. State, 76 Tex. Cr. R. 58, 172 S. W. 796, and Jordan v. State, 96 Tex. Cr. R. 70, 255 S. W. 735.

An indictment which charges that the accused did carry on or about his person a pistol does not charge the unlawful

carrying of a pistol, because the use of the word "or" rather than the word "and" renders such allegation uncertain and the indictment defective. Branch's P. C., Sec. 967; Evage v. State, 136 Tex. Cr. R. 318, 125 S. W. (2d) 295; Jenkins v. State, 143 Tex. Cr. R. 515, 159 S. W. (2d) 885.

It follows that the instant indictment, in charging that the pistol was carried "on or about her person" does not charge that the pistol was unlawfully carried, and is, therefore, fatally defective.

Because of the insufficiency of the indictment, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing and presents a supplemental transcript showing that an error was made in copying the indictment, in the original transcript, in that the word "or" was used instead of the word "and". As so corrected the indictment is in compliance with law. The State's motion for rehearing is granted and the case is now considered on its merits.

The record made on the motion for a new trial shows that the appellant entered a plea of guilty and received a penalty of one year in the penitentiary. Prior to doing so, however, she had a conversation with the district attorney and told him she wanted a suspended sentence. He declined to agree to that. When she went into the court room her plea of guilty was submitted to the jury. The court did not, however, inform her of her right to have submitted the issue of suspended sentence. This was clearly a mandatory duty. See Article 776, Vernon's Ann. C. C. P., and annotations thereunder; Hernandez v. State, 133 S. W. (2d) 584; and Arsola v. State, 133 S. W. (2d) 585.

If, after such instruction, she had stated to the court that she did not wish to apply for suspended sentence, his duty in the matter would have ended. Such is not the case before us. Her wishes in the matter were not expressed to the court and not ascertained by him and they cannot be presumed against her. The controverting evidence of the State shows that after she had expressed her desire for a suspended sentence and the dis-

trict attorney informed her that she could not have it, she then agreed to take a year. The action of the prosecution can be construed no further than to express his policy in the matter. He cannot relieve the court of the mandatory duty imposed upon him by law. McMurray v. State, 45 S. W. (2d) 217.

On the motion for new trial all of the issues raised by the pleading were controverted by the State, and the issues of fact were determined against the appellant. In so far as there are issues of fact, the court's finding will be binding on this Court and further consideration will not be necessary.

Because the court failed to inform appellant of her right to have submitted the issue of a suspended sentence, and to act in accordance with her wishes in the matter, the judgment of the trial court is reversed. The order of dismissal is withdrawn and the cause is remanded for a new trial.