LATTIMORE, Judge.
 

 Appellant was convicted in the District court of Fisher county of manufacturing intoxicating liquor, and his punishment fixed at two years and nine months in the penitentiary.
 

 A still and several gallons of whiskey and many containers having in them small quantities of whiskey or the odor of same, were found on appellant’s premises. The still was about four hundred yards from the house and about a half gallon of whisky was in a jar at the still. Three gallon jars of whisky were hidden in a cane patch, and a jar with whisky in it was under the house; a quantity of sprouted corn was found in the house. Appellant said to the officers that he did not think it was against the law to make whisky for one’s own use or words to that effect. We quote from the testimony of the officer:
 

 “The defendant did not deny the ownership of the liquor. Mr. Bates asked me to taste of this stuff and see what I called it, and I tasted of it and I told him it was whisky, and he says ‘Well,’ he says, ‘I want to — I’ve got to rustle some bond before they take me to Abilene’, and so he and I started on up to the house and Mr. Bates talked along and he says ‘McCombs, you know me and you know that I wouldn’t sell this whisky to anyone;’ he says ‘Mr. Phipps he thinks
 
 *681
 
 that I might sell it to his boys or his neighbors’ boys.’ I says ‘Bates, yon know it’s against the law to make this stuff anyway, don’t you’? He said ‘Yes’. Might have been a little more. He did not deny that the still was his. He did not deny manufacturing whisky and he did not deny the ownership of the whisky. He did not tell me then that the still belonged to any other person. ’ ’
 

 Another witness swore that on the night before the raid on appellant’s place, he went to a point in the vicinity of the still when same was in operation and saw two men working around it. This witness went back the next day with the posse, and with some of the other parties went at once to the vicinity of the still. Presently appellant appeared going to the still and moving rapidly. When he got within about ten feet of it a companion of the witness 'halted appellant. Appellant said at the time it was his still but he was not making but a little for his own use, had not sold any. The facts amply support the verdict of guilt.
 

 There is a bill of exceptions complaining of the refusal of an application for continuance asked because of the absence of two witnesses. As to one of the witnesses, it is shown that service of subpoena was had on him before the beginning of the term of court at which the trial was had, but there is no effort made to show that said witness was in attendance upon the first day of the term or that if not any other process was asked for him. This was not diligence. No service was had upon the other witness, and no subpoenas are attached to the application. The bill manifests no error.
 

 Complaint is made that the State witnesses were permitted to testify to what they found in a small house of appellant. The bill is without merit. The small house was but a few feet from the residence and in it were found several dozen fruit jars, some of which contained small quantities of whisky. Another bill of exception complains of the admission in evidence of the finding in said house of a moist sack of sprouted corn which was referred to as malt to be used in making the whisky.
 

 Appellant’s bills of exception Nos. 5 and 6 show that appellant sat quietly by while the officers were testifying at length to what occurred between him and them and to statements made by him while with the officers. No objection was made to any of the testimony as appears from the qualification of the court to the bills, until the testimony had all been related in the presence of the jury. Afterward appellant made an objection but nowhere does there appear any motion to have the testimony already before the jury excluded or request that the same be withdrawn. An objection made to testimony after it is introduced is not tantamount to a motion to exclude or a request to withdraw. This court has often said that one accused of crime may
 
 *682
 
 not sit idly by and permit witnesses to testify and then be heard to object.
 

 Bills of exception Nos. 7 and 8 present appellant’s complaint of the rejection of an affidavit made by one Mangun, and of the testimony of a notary public as to what Mangun said'to him. In our opinion neither bill presents any error. This court has always held that one accused of crime might defend by showing by proper testimony that another than he was the guilty party, and in exceptional cases of purely circumstantial evidence testimony of admissions or confessions by another that he committed the crime, has been admitted. These eases have been recently reviewed in the ease of Stone v. State, opinion handed fown November 5, 1924. and we do not feel called on to restate or analyze the principles involved. It is not necessary in order to properly dispose of the questions before us. Suffice it to say that we do not intend to extend the exception allowing such admission or confession, to any case even of circumstantial evidence unless the guilt of the party whose confession is offered would exclude 1he guilt of the party on trial, and, as is the rule in regard to most exceptions, each ease must be decided on its own facts. As applied to the affidavit and the testimony of the notarjq offered in this case, none of the cases referred to in which we held the exception to apply, support appellant’s contention. The affidavit in question not only affirms that Mangun had made the liquor and operated the still in question, but goes further at length in an effort to state that appellant had nothing to do with it, owned no interest in it and knew nothing of it. This was rank hearsay, and under no view could be held to be a circumstance. What we have just said applies fully to the proffered testimony of the notary, referred to in bill of exceptions No. 8. He offered to testify that Mangun not only said that he made the liquor, etc., but that appellant had nothing to do with it, knew nothing of it until he, Mangun, told him, and that appellant owned no part or interest in said liquor or still. The affidavit was offered as a whole and likewise the testimony of the notary. The objections to both were made in the same form. We think the court properly sustained same. It is our further opinion under the facts of this case that if Mangun’s confession had been offered without the accompanying statements which made it clearly open to objection, it should not have been received, because it was in testimony that the still was being operated the night before by two men and unquestionably if Mangun had admitted himself to be guilty, this would not have been inconsistent with the guilt of appellant. Each might be equally guilty in the transaction.
 

 A question to appellant while on the witness stand, — if he had not during 1921 pleaded guilty to having whisky in his possession, was not too remote as affecting his credibility.
 

 
 *683
 
 Bills of exceptions No. 10 complains that the State’s attorney in his argument charged that not only was appellant guilty of the crime here laid at his door, but also that he had caused his wife and little boy to perjure themselves in his behalf. This seems to us no more than the expression of the attorney’s opinion upon the facts before the jury. The same may be said of the inference of guilt drawn by said attorney in his argument, from the fact of the findings of the sack of sprouted corn and the fruit jars and still upon appellant’s premises. It was not improper to argue these facts as foundation for a conclusion of guilt.
 

 The case has been carefully examined, and believing no reversible error appears, the judgment will be affirmed.
 

 Affirmed.