## O. J. BROWN v. THE STATE.

### No. 8717. Delivered October 7, 1925.

#### 1.—Transporting Intoxicating Liquor—Evidence—Admissible—Res Gestae.

Where on a trial for transporting intoxicating liquor, the appellant after being chased by the officers, when overtaken, attempted to kick over some broken pieces of crockery in his car, containing whisky, the act being immediately following his arrest, was clearly admissible as *res gestae.*

#### 2.—Same—Continued.

Not so evidence of his refusal to drive his car' back to town, it not being clear that such refusal was *res gestae,* but occurred some time after his arrest, and after' an officer had repaired a punctured tire, and we seriously question whether it would be within the rule of res gestae, but are inclined to think it inadmissible.

#### 3.—Same—Evidence—Cross-Examination—Of Appellant—Held Improper.

Where appellant testified that while being chased by officers, just prior to his arrest, he thought they were robbers, and during the chase had thrown away his pocket book, containing $45.00 it was error to permit the state on cross-examination to prove by him, that while under arrest, and in jail, he had not told officers that he had thrown his pocket book away. He had the right to explain his flight, and after arrest the state could not avail itself of his silence. Following Thompson v. State, 88 Tex. Crim. Rep. 29 and other cases cited. See also Branch's Ann. P. C. Sec. 64.

Appeal from the District Court of Coleman county. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for transportation of intoxicating liquor; penalty, one year in the penitentiary.

This is a second appeal. The former opinion is reported in the 92 Tex. Crim. Rep. 147, 242, S. W. 218. It contains sufficient statement of the facts to make it unnecessary to repeat them at length.

*Baker & Weatherford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor with punishment of one year in the penitentiary.

This is the second appeal. The former opinion is reported in 92 Tex. Crim. Rep. 147, 242 S. W. 218. It contains a sufficient statement of the facts to make it unnecessary to repeat them at length.

The officers testified that when they finally overtook the car in which defendant was fleeing that he attempted to kick over some broken pieces of crockery containing whiskey, and that he also re-

fused to drive his car back to town. This testimony was objected to on the ground that defendant was under arrest at the time of such conduct and therefore it was incompetent to prove his actions. The arrest was only effected after a long chase, and the act of defendant in breaking of attempting to break the whiskey containers occurred immediately after the arrest and consummated, was clearly *res gestae* and properly admissible. We are not so certain about admitting proof of defendant's refusal to drive his car to town. If the refusal was contemporaneous with his effort to break the containers it would appear to be admissible, but the evidence shows that one of the officers repaired a punctured tire on their car before the journey to town was begun, and if the refusal of defendant to drive his car occurred after the delay occasioned by the repair mentioned we seriously question whether it would be within the rule of *res gestae,* but are inclined to think it inadmissible for the same reasons appearing in the discussion of bill of exception number seven.

It was the contention of appellant, and he so testified upon the trial, that he had no whiskey in his car at the time he was fleeing from the officers, but that his conduct in attempting to escape was based upon his belief that they were robbers; that during his flight he threw away his pocket-book containing $45 in money; that after he was released from jail on bond he, in company with his uncle, went back over his line of flight and found said pocket-book and money. After having testified to the foregoing facts the attorney representing the State was permitted to ask defendant if while under arrest and in jail he did not overlook mentioning to the sheriff the fact that he had thrown his purse and the $45 away. Over objection he was required to answer that he had not told the sheriff anything about it. This is complained of in bill number seven. The court was in error in permitting the State to use the silence of defendant while under arrest as a circumstance against him. It may have been, and probably was, materially damaging to the defendant's case. Defendant denied that he had any whiskey in his car at the time of his flight. The State was using flight as a circumstance to show guilt. He was explaining his action by claiming that he was not trying to evade the officers because he feared arrest for transporting whiskey, but that he thought they were robbers and threw his pocketbook and money away to prevent them from securing it in the event he was overtaken. After his arrest the State could not avail itself of his silence as evidence of guilt or as destructive of the explanation of his conduct. Thompson v. State, 88 Tex. Crim. Rep. 29, 224 S. W. 892; Ripley v. State, 58 Tex. Crim. Rep. 489; 126 S. W. 586; Johnson v. State, 272 S. W. 783; Williams v. State, 272 S. W. 783; Skirlock v. State, 272 S. W. 782. In the Ripley case (supra) a number of authorities are collated upon the point discussed. See also Branch's Ann. P. C. Sec. 64, for further collation of authorities.

Various other matters are complained of. They either will not occur on another trial, or do not appear sufficiently important to require discussion.

The judgment is reversed and the cause remanded.

                                          *Reversed and remanded.*