JOE BOB SMITH V. THE STATE.

No. 20516. Delivered November 15, 1939.
Rehearing Denied January 10, 1940.

The opinion states the case.

*Barnes & McElroy,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of property over the value of $50; the punishment assessed is confinement in the state penitentiary for a term of two years.

The record before us discloses that on the night of September 10, 1938, a dance was in progress at Dan Pegues' Dance Hall in Wood County. Sometime during the night and while the dance was in progress, someone stole J. M. Boswell's automobile. He notified Mr. Pegues, who notified Mr. Taylor, the constable of that precinct, of the theft. Mr. Pegues also informed the officer that appellant and Freeman Sparks were missing from the dance. The constable, accompanied by Mr. Boswell and some other parties, immediately began a search for the stolen car. They drove down toward the Sabine

River and saw a car coming toward them, which undertook to pass them on the left hand side, but was unable to do so because of the narrow road. The driver fled from the car into the nearby woods, but Sparks remained in the car and was immediately arrested. The car proved to be the one which had been stolen from Boswell. Appellant was arrested a few days later. A complaint was filed against Sparks, appellant and James Farmer, charging them with the theft of the automobile. Appellant was positively identified by the constable as the driver who had fled from the stolen car. Appellant did not testify but offered an alibi as his defense. This raised an issue of fact which the jury decided adversely to him, and in our opinion the evidence is sufficient to sustain the jury's conclusion of appellant's guilt.

By bill of exceptions numbers one and two, appellant complains because the trial court declined to permit him, on cross-examination of the constable, to prove that James Farmer, one of his co-defendants, had recently been killed by an officer. The State objected on the ground that it was immaterial. Appellant now contends that it was material in that it would apprise the jury of the reason for Farmer's non-appearance in court to testify in his behalf. We fail to see any merit in his contention. The officer did testify that James Farmer was dead.

By bill number three, appellant complains of the court's action in refusing to permit him to show that his other co-defendant, Freeman Sparks, had been indicted, tried, convicted and given a five year suspended sentence for the theft of the automobile in question. In our opinion this bill fails to show any error. It does not appear that the testimony in question was material, as both appellant and Sparks were found in possession of the stolen car.

Bills of exceptions numbers 4, 8, 10, and 11 are without merit and we do not deem it necessary to discuss them. By bills of exceptions numbers five, six and seven, appellant complains of the trial court's action in declining to permit him to elicit from the constable on cross-examination that nothing had been done with Farmer. There was no error in this ruling; the evidence discloses that Farmer was dead at the time of the trial.

Bill number nine complains because the District Attorney asked Mr. Taylor, the constable, whether he began an assault on Pick Smith or whether Smith had begun one on him. Taylor replied that Smith had called him a son of a b——and he had struck him. That this occurrence took place in the office of

the justice of the peace. It appears from the court's qualification to the bill that after the question had been asked and answered, appellant objected thereto on the ground that it was irrelevant, immaterial and prejudicial. No motion was made to withdraw it from the jury. Under these facts, appellant should have made such a motion, and having failed to do so, he cannot thereafter be heard to complain. See Bates v. State, 99 Tex. Crim. Rep., 647; 271 S. W., 389; Broussard v. State, 271 S. W., 385.

Bill of exception number 12 complains of the court's action in declining to submit to the jury appellant's special requested instruction to the effect that if the jury believed from the evidence, or had a reasonable doubt thereof, that some person or persons other than defendant took the automobile described in the indictment, then he should be acquitted. We find no evidence which raised such an issue. Consequently there was no necessity for the charge. Bill of exception number thirteen complaining of certain remarks by the district attorney in his closing argument to the jury is qualified by the trial court; as thus qualified it fails to reveal reversible error. Bill of exception number fourteen complains of the ruling of the court in declining to permit appellant to prove by the witness, Abrams, that appellant made certain statements to Abrams about eleven o'clock on the night in question. The bill states that if the witness had been permitted to testify he would have stated that appellant asked him if he were going home soon, and that if he was, he wished to ride with him as he was not feeling well. Abrams had already testified that he met appellant at the cafe about eleven o'clock and took him home. Appellant's statement about not feeling well seems to us immaterial.

By bills numbers fifteen and sixteen, appellant complains because the court refused to allow him to prove by the witness Plunket that on the morning following the theft, the witness while driving through the river bottom was approached by some unknown person dressed only in trousers and shoes, who stated that he had been kidnapped by some persons who had stolen cars in the river bottom. That upon request, Plunket carried him to Grand Saline and let him out. The State objected to this testimony on the ground that it was immaterial and the court sustained the objection. We see no error in this ruling. It occurs to us that what the unknown person said to the witness about being kidnapped by persons who had stolen some cars was merely hearsay.

Bill of exception number 11a is a bystanders bill, contro-

verting the facts set forth in bill number eleven filed by the trial judge. In the absence of any controverting affidavit by° the State, the bystanders bill must be considered as it appears in the record. See 4 Tex. Juris., Sec. 202, p. 288 and authorities cited. Complaint is made therein that at about seven or eight minutes after twelve noon, while the trial was in progress, counsel for appellant sought to have a State's witness draw a sketch of the relative positions of the stolen car and the car in which this witness was riding at the time the stolen car was first sighted. The court announced that it was lunch time and that court would stand adjourned until 1:30 p. m. Appellant's counsel objected, announcing that he was particularly anxious to get in this particular testimony, whereupon the court remarked: "Yes, I imagine *you* would, Mr. Barnes."

It is appellant's contention that this was a remark by the court on the weight of the evidence and tended to convey to the minds of the jury the fact that this testimony was worthless. We are unable to place such a construction upon it. The remark made by the trial judge was not directed at testimony sought to be elicited by counsel for the appellant. It was directed more to the attorney himself, and was not a comment on the weight of the evidence. It was time for lunch and the court recessed until 1:30 p. m.

Furthermore the bill itself does not show the materiality of the testimony sought to be admitted. Nor is there any showing that there was either a refusal to admit it later or that the trial judge subsequently made any comment upon the testimony. The remark of the court, as we construe it, was merely directed to the attorney's eagerness to get in the testimony before the midday recess. Considering the bill under the circumstances as they transpired, the time of day and the nature of the remark, we think it falls far short of constituting a comment by the court on the evidence. See Cole v. State, 51 Tex. Crim. Rep., 89, 101 S. W., 218; Pilgrim v. State, 59 Tex. Crim. Rep., 231, 128 S. W., 128; Wofford v. State, 60 Tex. Crim. Rep., 624, 132 S. W., 929.

All other matters complained of by appellant have been carefully considered by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In the motion for rehearing appellant insists that this court has erred in overruling his Bill of Exception No. 12, and particularly of the fact stated in the opinion that "we find no evidence which raised such an issue." Appellant has treated at length evidence showing the connection of James Farmer and Freeman Sparks, each of whom was arrested on the charge of the theft of the car with appellant, and cites this as evidence sustaining his contention that an affirmative charge should have been given. We cannot agree with this contention. They were principals, and evidence of their connection is not sufficient as a defensive matter to entitle this appellant to an affirmative charge on his defense that some one else and not himself committed the crime. The evidence in each instance connecting the other parties with the crime also connects the appellant with it. It is not his defense at all. His defense was that of an alibi. Upon the evidence on that subject the court gave a charge properly covering it and which we think submitted the appellant's defense. Appellant offered no testimony that the car was stolen by some one else but separately relied upon his defense of alibi. The State's testimony did show the connection of other parties as well as the appellant, but this was properly embraced in the court's charge and there is not in the record any defensive matter requiring an affirmative charge.

La Fell v. State, 153 S. W. 884, treats the subject as follows: "It is also a rule of law that, where the court charges a conviction on the theory that the accused was a principal, the converse of the proposition should also be given; that is, that if another did in fact commit the offense, and defendant did not aid and encourage him in the commission and was not present, he would not be a principal."

In paragraph four of the charge the jury is instructed that if they believe from the evidence, beyond a reasonable doubt, that the defendant, Joe Bob Smith, acting either alone or together with others as principals, under the law of principals as previously defined in the charge, committed the offense alleged, that they should find him guilty and assess the punishment therefor in accordance with their finding; that unless they did so find, or if they had a reasonable doubt thereof, they should acquit the defendant.

We have carefully gone into all the evidence in the case

again and believe that the foregoing instruction complies with the rule laid down in La Fell v. State, as well as the other authorities cited in the appellant's motion for rehearing.

Further complaint is made of the action of this court in overruling Bill of Exception No. 14, in which it is insisted that the testimony of the witness Abrams that the appellant made certain statements to him about eleven o'clock at night showing an intention to go home and that he was not feeling well. This witness testified to facts which, if the jury had believed, would have resulted in their finding in appellant's favor on his alibi defense. We cannot see that the statements would have added anything to that witness' testimony or that it would have been in any way helpful to the appellant. We have analyzed this testimony fully and think the original opinion correctly disposed of the bill. .

It is true, as insisted, that the evidence against the appellant was circumstantial. His alibi seemed to be a reasonable one, and so far as the record before us is concerned, is forceful. Yet it is all a matter for the jury. There was a proper charge on circumstantial evidence and a proper charge on the defense of alibi. The jury found against him. Appellant thinks that his statement at that time of night that he was not feeling well was a circumstance which the jury was bound to consider in support of his contention and theory that he did not leave home again after arriving there between eleven o'clock and midnight. As we view it, from the distance given and the time at which the automobile was taken, if the jury had found that appellant went to his home at eleven o'clock, he could not possibly have been at the place where the automobile was stolen at the time it was taken. There is nothing to raise a question about his having left home after he once went there. There is no materiality in the evidence under the circumstances of this case, even if it should be held to be admissible. The jury must have found that he did not go home at the time stated.

The motion for rehearing is overruled.