HERMAN CRENSHAW V. STATE.

No. 26,033. November 12, 1952.
Rehearing Denied January 28, 1953.

*Cofer & Cofer*, by *G. Hume Cofer*, Austin, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of fifty years in the penitentiary upon a charge of murder.

The evidence of the night preceding the tragedy is quite involved. It appears, however, that a number of young people, at least some of whom lived in the city of Austin, were in a car; that some of them were drinking; and that an argument took place involving appellant and the deceased about whether or not they should go to Lockhart and, if they did, who would pay for the gasoline. These matters are not important to the questions raised.

It was the state's evidence that the parties arrived at Sims Place at St. Johns Colony. The appellant was driving the automobile which was occupied by five of the young people: Beauty Morris, A. S. Hill, Jr., Ella Mae Breeden, Meardis Davis, Jr. (the deceased) and the appellant. The three boys went into the cafe and the two girls walked down a path some distance and then returned to the car where they were joined by A. S. Hill, Jr. and the defendant. At this point it was suggested by someone that they go to Lockhart. The deceased came out to the car and said he did not want to go, that he was not going to pay for the gasoline. Deceased then walked back into the cafe but later came out accompanied by A. S. Hill, Jr. The deceased at that time told appellant that he was joking, that he did not mean what he said. Deceased seems to have become incensed by the remark which appellant made in reply to his statement and made the threat to slap appellant. There is much conflict as to just what was said at this time—just prior to the shooting. Deceased then walked around the car towards appellant. As he approached appellant shot him. Two shots were fired and deceased fell to the ground. Later appellant was taken into custody and placed in jail. The sheriff came to talk to him and, as the result of a statement made, went with appellant to the home of his mother and secured the pistol with which he had killed Davis.

On the foregoing statement of facts, relied on by the prosecution, it is contended that no malice was shown and that the jury's verdict should have been set aside by the court. In this we cannot concur. To hold that this evidence was not sufficient to show malice would be to adopt the theory of self-defense,

which was duly submitted to the jury and by them refused. Stripped of an issue of self-defense, it would be placing a cheap price on human life to say that because one was approaching another with a threat to slap him, the opposite party would be justified in pulling a deadly weapon, shooting into his body twice and taking his life. In the absence of malice the act is inconceivable and the jury was authorized to so find.

The next question complains of the evidence of the sheriff given in rebuttal. After the defense had concluded its case and the appellant had testified in his own behalf, the sheriff was recalled. He reviewed his statement as to the things that were said while appellant was in his custody in jail and then he was asked if the defendant, during that conversation, had said anything about having killed Meardis Davis, Jr. in self-defense. To this the sheriff answered that he did not. Objection was made to this evidence and exception taken to the ruling of the court.

The question before us turns upon the language of the objection made. Under proper objection the evidence would be clearly inadmissible. Brown v. State, 101 Tex. Cr. R. 421, 275 S.W. 1069; Ely v. State, 139 Tex. Cr. R. 520, 141 S.W. 2d 626; and Sharp v. State, 153 Tex. Cr. R. 96, 217 S.W. 2d 1017.

We must take the record as we find it, however, and the objection is in this language: "I want to make the same objection; he was still in custody and could not make a confession that way." The objection previously made, to which reference is had: "I am going to object; he had him in charge at that time and he was under arrest and in confinement. I don't believe that is admissible, not a proper confession in form like the law provides. I don't believe it is admissible under the circumstances."

We have given careful consideration to the foregoing objection and the exception taken. It is our conclusion that it fails to raise the question discussed by appellant's brief and in oral argument, as to the admissibility of the silence of the party accused of crime for the purpose of impeaching him, or for the purpose of proving an independent fact. Counsel presenting this argument were not in the trial of the case and could only bring it to us as they found the record made. Their very able brief and argument have been helpful but we are unable to apply it to the bill as taken.

We find no reversible error and the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant's motion for rehearing complains of the disposition of his exception relating to the testimony of Sheriff Ed Williams when recalled by the state on rebuttal. We disposed of this bill in our original opinion on the form of the objection. Appellant urges: (1) that part of the objection "he was still in custody and could not make a confession that way" was sufficient to direct the trial court's attention to the fact that the defendant took the position that the evidence of the silence of the accused while in custody, with respect to his defense, was inadmissible; and (2) that the evidence as to such silence on the question of self-defense was obviously hurtful and inadmissible for any purpose, therefore no specific ground of objection was required.

We have reexamined the record in the light of able counsel's brief and oral argument and find the following.

There are no formal bills of exception. The sole exception indexed in the question and answer statement of facts is "Defendant's Bill of Exception—192." On page 192 is shown this question directed to Sheriff Williams by the district attorney: "I believe you testified that he told you that he shot Meardis Davis, Jr.?" to which appellant made the objection quoted in the original opinion: "I am going to object; he had him in charge at that time and he was under arrest and in confinement. I don't believe that is admissible, not a proper confession in form like the law provides. I don't believe it is admissible under the circumstances." The objection was overruled, but at this point no exception was reserved.

As suggested in the question, Sheriff Williams had testified previously to the statement of appellant made to him in which appellant admitted the shooting.

Also on page 192 of the statement of facts appears the district attorney's question to the sheriff: "During that conversation, Mr. Williams, did the Defendant say anything to you

about having killed Meardis Davis, Jr. in self-defense?", and the answer of the witness: "No."

The attorney for appellant in the trial then made the objection stated in our original opinion: "I want to make the same objection; he was still in custody and could not make a confession that way."

The court's ruling on the objection was, "You may have your exceptions," followed by defense counsel's statement: "Note our exceptions to all this testimony," and the trial court's further remark, "You may have your exceptions."

Appellant's objection to the last question as quoted above, and in our original opinion, begins on page 192 of the statement of facts and we make no point of the fact that the exception appears on page 193 while indexed as appearing at page 192. We suggest, however, that the index should point out the page where the exception itself appears.

We are unable to agree with appellant's contention as to the sufficiency of the last objection.

In addition to what was said in our original opinion, we observe that all of the testimony of the sheriff regarding the statement made by appellant had been heard by the jury prior to the objection above quoted from page 192 of the statement of facts, and that the question relating to appellant's silence as to his claim of self-defense was answered before any objection was made. No motion was made that any of the testimony so heard by the jury be withdrawn from their consideration.

It follows that reversible error is not shown by the exception reserved "to all of this testimony."

Upon the question as to the sufficiency of the evidence to sustain a finding of malice, we observe that the jury rejected the sole and only justification or excuse offered for the killing. The question of the condition of the mind of appellant remained for their consideration. The jury was authorized to find the existence of malice from the acts and circumstances surrounding the killing.

Appellant's motion for rehearing is overruled.