PETER JOHN JESKUS V. STATE.

No. 26,547. November 4, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 9, 1953.

*Divine & Bennett,* by *C. C. Divine,* Houston, for appellant.

*William H. Scott,* Criminal District Court, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of theft of personal property of over the value of Fifty Dollars, and his punishment was assessed at two years in the penitentiary.

Robert A. Brotherton testified that on November 1, 1952, he parked his delivery truck in front of a cafe in Houston and went into the cafe; that he had two cases of whiskey in his truck—one case of Old Hickory and one case of Seagrams. He further testified that within a short time after he entered the cafe he saw appellant take one of the cases of whiskey out of his truck and place it in his (appellant's) truck; that at that time he saw another case of whiskey in appellant's truck. Then appellant drove away. He further testified that when he got outside both cases of whiskey were gone from his truck. This witness further testified that he had the care, control and management of this whiskey and did not give appellant his consent to take the whiskey.

Oran Hockaday testified that he knew the market value of

whiskey in Harris County, and that on November 1, 1952, a case of Old Hickory whiskey and a case of Seagrams whiskey were each of the value of more than fifty dollars.

The evidence is sufficient to sustain the conviction.

There are no formal bills of exception. In three informal bills of exception, appellant complains of the testimony of Robert A. Brotherton wherein he testified that the two cases alleged to have been taken from his truck were whiskey, on the ground that he did not know of his own knowledge that they contained whiskey.

After the witness testified that the cases contained whiskey, he made the above objection which was overruled. If appellant desired to preserve his objection, he should have asked leave of the court to examine the witness as to the basis of his knowledge, then moved the court to strike the testimony complained of, and reserved his exception upon the failure of the court to do so. This not being done, appellant cannot now complain. Jamar v. State, 142 Tex. Cr. R. 91, 150 S.W. 2d 1031.

The judgment of the trial court is affirmed.

Opinion approved by the Court.