HERSHELL ARRINGTON V. STATE.

No. 28,606. December 12, 1956.

*Joe H. Jones,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Thomas B. Thorpe, George P. Blackburn,* and *William F. Alexander,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the theft of one tire, one drill, one sander, and one jacket alleged to be of the aggregate value of more than $50; the punishment, two years in the penitentiary.

The testimony of the state shows that two police officers of the city of Dallas saw the appellant drive his automobile through

a stop sign at an excessive rate of speed while pursued by another automobile occupied by other city police officers. They overtook and arrested the appellant. A search of his car following his arrest revealed one tire, one drill, one sander, one jacket, a two gallon can of anti-freeze, one overcoat, a box of 30.06 Winchester shells, two pairs of gloves, one case of can beer, a spool of dipco soldering material, a pair of khakis, two screw drivers, a fuse cord, a fifth of Canadian Club, a 14 pound sledge and a woman's white glove.

The testimony of J .W. Seabolt shows that he lost a tire, drill, sander, and a jacket from his car parked in front of his house on the night when the appellant was arrested in the vicinity of where he lived; that he identified the tire, drill, sander, and jacket the next morning at the police station as being those he lost from his car. He testified that he did not give anyone his consent to take said articles from his car and that they were of the market value of more than $50.

Appellant did not testify in his own behalf nor did he present any affirmative defensive testimony.

Appellant complains of the overruling of his motion filed and presented immediately prior to the trial on the merits which requested that the court instruct the prosecuting attorney not to bring out any testimony before the jury concerning appellant's prior conviction from which he was released from the penitentiary seven years and three months before the date of the offense here charged on the ground that it was too remote, that he had completely reformed and had been rehabilitated and the refusal of said motion placed him in a position where he could not take the witness stand and explain his possession of the property unless he subjected himself to cross-examination about such prior conviction.

This court has consistently held that a preliminary motion to suppress evidence is not recognized in our procedure. Foster v. State, 104 Tex. Cr. R. 121, 282 S.W. 600; Raymond v. State, 106 Tex. Cr. R. 147, 291 S.W. 251; Johnson v. State, 111 Tex. Cr. R. 395, 13 S.W. 2d 114; Dominguez v. State, 161 Tex. Cr. Rep. 124, 275 S.W. 2d 677; Walker v. State, 162 Tex. Cr. Rep. 408, 286 S.W. 2d 144. We observe however that the prior conviction was not too remote under the holdings of this court in Couch v. State, 158 Tex. Cr. R. 292, 255 S.W. 2d 223.

By Formal Bills of Exception Nos. 2 and 4, error is urged on

the ground that the state was permitted to prove over the objection that such proof was prejudicial to the rights of the appellant that certain property not named in the indictment was found in appellant's car at the time of the search, and that the trial court again erred in refusing to grant his motion for a mistrial because the proof of the articles not listed in the indictment left the impression that he was a thief generally and was prejudicial.

Bill of Exception No. 2 certifies that an objection was made to such evidence after it was admitted but that no motion was made to strike or to instruct the jury not to consider it and no objection was made to the remainder of such evidence. It was shown that all the articles belonged to the witness Seabolt and the appellant. Further, proof of the articles which were found in appellant's car during the original search was admissible. No error is shown. Shuffield v. State, 20 S.W. 2d 1057; Aaron v. State, No. 28,522, 163 Tex. Cr. Rep. 635, 296 S.W. (2) 264.

By Bill of Exception No. 3, appellant contends that the court erred in permitting the witness Seabolt to testify without a showing that he was qualified to testify as to the market value of the articles named in the indictment and without first establishing that said articles had a market value.

After the witness Seabolt had testified that said articles had a market value, that he was familiar with it, and had stated the market value of each article, the appellant moved the court to instruct the jury not to consider his testimony because he was not qualified to testify to the market value of second-hand articles.

If the appellant desired to preserve his objection to the testimony of the witness Seabolt concerning the market value of said articles, he should have asked leave of the court at the time such proof was offered to examine the witness as to the basis of his knowledge and then properly reserved his objection thereto. Under the record presented no error is shown. Jeskus v. State, 159 Tex. Cr. R. 240, 262 S.W. 2d 409.

Finding no reversible error the judgment of the trial court is affirmed.

Opinion approved by the Court.