BENJAMIN HENRY PRUITT V. STATE

No. 28,733. February 27, 1957.

Joe Shannon, Fort Worth, for appellant.

Howard M. Fender, Criminal District Attorney, H. Edward Johnson and Conard Florence, Assistants Criminal District Attorney, Fort Worth, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is robbery; the punishment, five years.

The evidence is undisputed that on the night of January 1, 1956, Charles Thomas, a night watchman for the Steele Lumber Company in the city of Fort Worth, was assaulted and

robbed of an International truck and a quantity of mahogany plywood of the approximate value of $1200. The evidence further shows that the appellant was one of the participants in the robbery.

Appellant interposed duress as a defense and in support of the same testified that he participated in the robbery with his step-grandfather because of threats made against him by his step-grandfather and his resulting fear of his life.

Appellant placed his reputation in issue and called witnesses who testified that his general reputation for being a peaceable and law-abiding citizen and for truth and veracity was good.

The court submitted to the jury in his charge the appellant's affirmative defense of duress which the jury chose to reject and we find the evidence sufficient to support their verdict.

Appellant first insists that the court erred in excluding certain testimony of the witness, Baker, which was offered to show a background of threats and intimidation by appellant's step-grandfather toward him in support of his defense of duress. The informal bill of exception presenting the matter is deficient and cannot be appraised in that it does not show what the excluded testimony of the witness would have been. Beeler v. State, 161 Texas Cr. Rep. 318, 277 S.W. 2d 119.

Appellant next insists that reversible error was committed in the cross-examination of one of his character witnesses wherein the witness was asked by state's counsel the following question: "Do you know where he (the defendant) was on October 26th and 27th, 1953; whether or not he was in jail at that time?" to which the witness answered: "No Sir, I wouldn't know that."

The record reflects that appellant's objection to the question was made after the witness answered the question and was as follows:

"We are going to object to that, Your Honor, as I don't know what they are referring to, and apparently they do not. But we object to it as being prejudicial and inflammatory. I don't think they know what they are doing and I know we don't."

This objection was overruled, but the appellant made no

motion to exclude, withdraw or instruct the jury not to consider the question or answer.

It should be noted that what the appellant complains about is the asking of the question, not the answer given thereto.

We express serious doubt as to the sufficiency of the objection, but if we were to consider the same sufficient, we are still confronted with the rule long established in this state that, where an accused allows a witness to answer a question without objection and assigns no valid reason for his delay, it then becomes his duty to move the court to withdraw the objectionable question and answer from the jury's consideration in order to preserve the error, if any. Broussard v. State, 99 Texas Cr. Rep. 559, 271 S.W. 385; Bates v. State, 99 Texas Cr. Rep. 647, 271 S.W. 389; Smith v. State, 138 Texas Cr. Rep. 219, 135 S.W. 2d 494; Martin v. State, 157 Texas Cr. Rep. 210, 248 S.W. 2d 126; Crenshaw v. State, 158 Texas Cr. Rep. 209, 254 S.W. 2d 402; Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513; Jeskus v. State, 159 Texas Cr. Rep. 240, 262 S.W. 2d 409; Deams v. State, 159 Texas Cr. Rep. 496, 265 S.W. 2d 96; Hunter v. State, 161 Texas Cr. Rep. 225, 275 S.W. 2d 803; and 13 Texas Digest, Criminal Law 1044. Under the record no error is shown.

By Bill of Exception No. 2, appellant complains of the failure of the court to grant a mistrial when state's counsel made the side-bar remark: "We have the police report, if you want to look at it." The record reflects that no objection was interposed to such remark at the time it was made but that the trial court promptly admonished the jury not to consider the remarks of counsel as evidence. Appellant then moved the court to instruct the jury not to consider the remark, and the court replied that he had already done so. The appellant made no request that the court grant a mistrial. We have been cited no case nor are we aware of any in which this court has held that the trial court erred in failing to declare a mistrial on his own motion.

By Bill of Exception No. 3, appellant complains of certain jury argument by state's counsel. The bill reflects that appellant made no objection to the argument; hence, no error is shown. Merryman v. State, 153 Texas Cr. Rep. 593, 223 S.W. 2d 630; and McIntosh v. State, 148 Texas Cr. Rep. 468, 188 S.W. 2d 165.

No reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

When counsel for the state inquired, upon cross-examination of a witness who had attested appellant's good reputation as a peaceable and law-abiding citizen, as to specific acts of misconduct on the part of appellant, he violated the long-established rule which holds that such questioning is reversbile error. The authorities so holding are numerous. See: Parrish v. State, 163 Texas Cr. Rep. 252, 290 S.W. 2d 245; Prater v. State, 104 Texas Cr. Rep. 669, 284 S.W. 965; McNaulty v. State, 138 Texas Cr. Rep. 317, 135 S.W. 2d 987; Wharton v. State, 157 Texas Cr. Rep. 326, 248 S.W. 2d 739; Davis v. State, 160 Texas Cr. Rep. 138, 268 S.W. 2d 152.

When the trial court overruled the objection of appellant's counsel to the question propounded, he did so in open violation of the rule stated and the attesting authorities.

Thus, two positive errors were committed: that by the state's counsel in asking the question, and that by the trial court in overruling the objection and thereby permitting the question and the implications cast thereby to remain with the jury for consideration.

As I understand it, the majority opinion concedes the errors mentioned.

The holding of the majority is that appellant's counsel waived the errors by not going further and moving the trial court to withdraw the question and answer from the consideration of the jury after his objection thereto had been overruled.

The doctrine of waiver, by an accused, of a valuable right in the trial of a criminal case ought not to be looked to with favor. It should be applied only when some good and sufficient reason exists therefor and such reason is made plainly manifest.

The presumption of innocence which follows all criminal trials is adverse to the idea of waiver, by an accused, of his right to be tried in accordance with law.

Here, the trial court had overruled the objection of appellant's counsel and had thereby permitted the question and answer to remain with the jury for all purposes.

Was there anything to suggest that a motion to withdraw the question from the jury would be granted in the face of the holding that the question and answer were admissible and not subject to valid objection? I submit that there was not. By any stretch of the imagination can it be reasonably asserted that appellant's counsel could have accomplished anything by moving to have the question withdrawn? Certainly it cannot.

So then, the motion which the appellant's counsel was here required to make was perfectly useless and in no event could it have benefited the appellant. The only possible use the motion could have had was to magnify before the jury the question and answer and the appellant's objection thereto and the error in asking the question.

Therefore, by failing to do a useless and wholly unavailing thing, the appellant waives, and by that waiver forfeits, the positive error committed in the trial of the case. Such is what the majority opinion holds and such is the basis upon which this conviction is affirmed.

Had the trial court sustained the objection, there might be some reason to require the motion to withdraw if the question or testimony sought to have withdrawn was such that the withdrawal could have cured any error in the first instance. Such, however, is not the case here. Here, the objection was overruled. The question and answer remained with the jury.

Considering the holding in the majority opinion as an overall picture, I cannot help but wonder if we have not gotten to the point, in this state, where the trial of a criminal case has become a battle between opposing counsel over legal technicalities or purely procedural matters rather than a proceeding to determine if one accused of crime is guilty of the crime charged and has been accorded a trial in accordance with law.

It must be remembered that it is not appellant's counsel—whom the majority opinion unjustly, to my mind, convicts of a failure to make the motion to withdraw—who is going to the penitentiary for five years in this case. It is the appellant who is going to serve that punishment, not because he failed to do a perfectly useless thing but because his counsel did.

I cannot agree to the affirmance of this case in the face of positive errors.

I respectfully dissent.