James MASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43391.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

**856**

Bowen C. Tatum, Jr., W. R. Malone, Huntsville, for appellant.

James F. Warren, Dist. Atty., Huntsville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for robbery by the use of a firearm. The punishment was assessed by the court at 25 years.

The record reflects that Danny Dixon, at approximately midnight on August 6, 1969, was riding in a taxicab driven by Leon Moten several miles from Huntsville. A pickup truck followed the cab, and Dixon pulled a pistol and ordered Moten to stop. A man got out of the pickup truck, and he and Dixon took some eighty-seven dollars and a Battlesteins' credit card from Moten. They then removed the distributor wires, the keys to the cab and the radio microphone and left. Moten walked several miles before he reached a house to call his wife.

The evidence shows that some two days later appellant was with Danny Dixon and his wife, Maxine Dixon, when the Dixons attempted to buy some articles at Battlesteins in Houston with the Moten credit card that was taken during the robbery. Maxine Dixon testified that appellant told her that he got the credit card from a colored taxi driver. (The record shows that Moten was colored.) Lester Lewis testified that appellant told him that he and Danny Dixon took Leon Moten out in the woods and robbed him.

The sufficiency of the evidence is not challenged.

The first complaint is that error was committed when Danny Dixon, an inmate at the Texas Department of Corrections, was called to testify. It is contended that he was forced to testify.

It appears that before Dixon was called, he agreed to testify for the State. After

he took the stand, he stated that he had rather not testify, because a "snitch" in the penitentiary might be harmed if he testified. He actually testified about his part in the robbery, but would not name the person who participated with him. The court did not require him to do so. The defense, and not the State, later brought out from the witness the description of the other robber.

The only objection by appellant was to the effect that Dixon was "being drilled" and that he had a right to be treated as a human being.

No error is shown. The first ground of error is overruled.

■ In the second ground of error, it is contended that reversible error was committed when it was shown that the sheriff talked with some of the jurors who were seated in the jury box before any testimony was adduced. The sheriff testified that he did not talk to the jurors about the case. The matter was not pursued further. No juror or anyone was called to show that the sheriff said anything about the case. No reversible error is shown.

■ It is contended in the third ground of error that reversible error was committed when the sheriff testified about the description of the robbers that Moten, the injured party, gave him when the following transpired:

"Q. (Mr. Warren, District Attorney) When you investigated this robbery, in the course of your duties as a Sheriff, did you get a description of the assailant?

"A. Yes, sir.

"Q. Who did you get that from?

"A. Leon Moten.

"Q. What description did he give you?

"A. Two white males in the early 20s. One of them dark-black headed; the other one was brown hair,

slightly bushed up, like it hadn't been combed too much.

"Q. Did he give you a description of the automobile they were riding in?

"A. Yes sir. He gave us a description of a bluish-green—

"BY MR. TATUM: (Appellant's counsel) (Objection) Your Honor, we object to this, we think it's hearsy.

"BY THE COURT:

Overruled.

"BY MR. TATUM:

We except to Your Honor's ruling.

"BY THE WITNESS:

A bluish-Green Chevrolet pickup."

No objection was made to the testimony about the description of the robbers. The only objection was to the description of their automobile.

The applicable rule is found in Pruitt v. State, 164 Tex.Cr.R. 340, 299 S.W.2d 148, 149, where it is said:

"* * * [w]here an accused allows a witness to answer a question without objection and assigns no valid reason for his delay, it then becomes his duty to move the court to withdraw the objectionable question and answer from the jury's consideration in order to preserve the error, if any."

See the authorities there cited.

No reversible error is shown; the third ground of error is overruled.

In the fourth, fifth, sixth, seventh and eighth grounds of error no objections were made to the admission of the evidence complained of or to any of the other proceedings. The complaints were made for the first time in the motion for new trial.

Appellant's counsel urges this Court to review all of these matters. "Generally, an error in the conduct of the trial must be ob-

jected to at the time of commission; otherwise the error may not be asserted on appeal." 5 Tex.Jur.2d, Appeal and Error—Criminal, Section 35, p. 56.

The Legislature recognized the long standing rule that to assert that some conduct of the trial constituted reversible error there must be an objection during the trial. See Article 40.09, Section 6(d), Subsections (2) and (3), Vernon's Ann.C.C.P.

If the rule were otherwise counsel for an accused could hope for a favorable answer from a witness, and if it did not turn out that way, he could wait and take advantage of an unfavorable answer or other conduct during the trial on appeal. Objections when timely made often give the trial court an opportunity to instruct the jury relative to the matter complained of and to grant a mistrial to prevent the time consuming and costly appeals and perhaps a new trial. See 24 C.J.S. Criminal Law § 1699, p. 1055.

We see no reason to change the rule and encourage never ending litigation when there is now such a great need to conclude proceedings within a reasonable, or at least a foreseeable, time after trial. We decline to change the rule.

Without objections, the above grounds of error present nothing for review.

■ In the ninth ground of error, the complaint is that error was made at the penalty stage of the trial before the judge when he admitted into evidence certified copies of judgments and sentences of four Brazoria County convictions over the objection that he was not represented by counsel.

Judgments and sentences in the four forgery cases were dated April 1, 1967, and they all show that appellant was represented by counsel, E. E. Brewer and Hugh Lucas. There was no evidence or offer of evidence to show that appellant did not have counsel at the trials. No error is shown. See Gutierrez v. State, Tex.Cr. App., 456 S.W.2d 84.

The ninth ground of error is overruled.

■ The complaint in the tenth ground of error that the trial judge did not explain his reasons for assessing the punishment that he did is without merit.

The eleventh, twelfth and thirteenth grounds of error are based on the contention that reversible error was committed when the trial court, on the State's motion, quashed the subpoenas for the jury panel.

■ The motion for new trial alleged that there was misconduct during the deliberations of the jury. No affidavit was attached to the motion for new trial. A motion for new trial alleging that something improper transpired in the jury room, in order to be sufficient as a pleading, must be supported by the affidavit of a juror or some other person who was in a position to know the facts. Procella v. State, Tex.Cr. App., 395 S.W.2d 637; Fontenot v. State, Tex.Cr.App., 426 S.W.2d 861; Walker v. State, Tex.Cr.App., 440 S.W.2d 653. See 1 Branch's Ann.P.C.2d, Section 593.

In the absence of a proper pleading alleging jury misconduct the trial court did not err in quashing the subpoenas of the jury panel.

■ A defendant is not entitled to a fishing expedition into supposed jury misconduct. Forgey v. State, 171 Tex.Cr.R. 355, 350 S.W.2d 32. The eleventh, twelfth and thirteenth grounds of error are overruled.

The fourteenth ground of error which complains that the cumulative effect of all errors previously pointed out denied appellant a fair trial is overruled.

There being no reversible error, the judgment is affirmed.