**Sammy COLSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44021.**

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Oct. 13, 1971.

Melvin Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Henry B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and Jim Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery with the punishment being assessed at 99 years.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction, it being his primary contention that the evidence is insufficient to show that the complaining witness was in fear of her life at the time appellant took approximately $60.00 at the point of a pistol.

He relies upon the following testimony on direct examination:

"Q. I'll ask you if anything, anytime during that you were in fear of your life?

"A. Well, if I hadn't opened the cash register, I would have been."

Mrs. Laverne Teague, the complaining witness, testified she and her husband operated a furniture and auto supply store in Dallas; that on September 2, 1969, at approximately 4 or 4:30 p. m. appellant and a companion entered and stated they were just "looking"; that when she opened a cash register in connection with a sale to another customer, the appellant at gun point ordered her to leave the cash register open; that she and the customer backed away and the appellant took about $60.00 from the cash register without her consent.

She related that for about two minutes the appellant had the gun "right in my face" and said "If you will back off, nobody will get hurt."

The customer, Frank Cassita, age 71, corroborated Mrs. Teague's testimony and testified the appellant told him "All right, Pops, this is a stickup, get over there and lay down."

The appellant did not testify but offered evidence as to an alibi which the jury by its verdict rejected.

We deem the evidence, considered in the light most favorable to the verdict, to be sufficient to sustain the conviction.

In Cassidy v. State, 168 Tex.Cr.R. 254, 324 S.W.2d 857, the defendant showed the victim a part of a pistol but did not point it at her. At one point in the trial the victim testified she was not afraid for her life. There the defendant urged much the same contention as now advanced by appellant. In Cassidy this Court said:

"Surely, the statement of the appellant that he had a .38 gun in the sack, plus the act of withdrawing it so that she might see half thereof, constituted an assault and threatened violence and was sufficient to establish the offense of robbery."

In Cranford v. State, Tex.Cr.App., 377 S.W.2d 957, this Court noted:

"If there exists reasonable belief that injury will result from noncompliance with the robber's demand, the necessary fear is present."

We find no merit in appellant's first contention.

Appellant also contends the "record is silent" that he had counsel at the time of formal sentencing in the instant case. He cites Worts v. Dutton, 5th Cir., 395 F.2d 341; Houston v. Ellis, 5th Cir., 252 F.2d 186.

The record reflects that the appellant was represented by the Hon. Tim Banner at the time of the trial. The sentence reflects the following: "* * * whereupon the court proceeded, in the presence of the said Defendant, *his counsel also being present*, to pronounce sentence against him * * *." (emphasis supplied) On the same day sentence was pronounced, Hon. Melvyn Carson Bruder was appointed to represent appellant on appeal. We cannot agree with appellant's claim.

Appellant pro se advances the claim that his warrantless arrest on September 9, 1969, at a Dallas apartment was in violation of his constitutional rights, there being no probable cause therefor. Evidence that appellant was arrested on that date was offered by the State, but circumstances surrounding the arrest were not too well developed. The evidence as to the arrest was offered without objection. There was no confession taken, and if anything was seized from the appellant as a result of such arrest and incidental search, it was not mentioned or introduced into evidence. We fail to see how appellant was prejudiced by such testimony.

Lastly, appellant personally urges the trial court erred in overruling an objection to a conclusion on the part of the arresting officer Lipe who testified. Apparently appellant has reference to the following testimony:

"Q. And what was he doing in the apartment?

"A. He acted like he was trying to get away; that's what—

"MR. BANNER: Object to what he acted like your Honor.

"THE COURT: Overrule your objection.

"Q. If you would, just go ahead and describe what he was doing and the manner in which he was acting.

"A. When he saw me, it appeared to me that he was trying to leave, and that's when I ran in and grabbed him."

Appellant cites no authority and the State relies upon Smith v. State, 138 Tex. Cr.R. 219, 135 S.W.2d 494, for the proposition the appellant did not move to strike such testimony.

If there could possibly be under the circumstances any error, certainly it was harmless error.

The judgment is affirmed.